THOMAS ANTHONY DiNATALE *v.* STATE
OF MARYLAND

[No. 193, September Term, 1969.]

*Decided January 14, 1970.*

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joel H. Pachino* (*Irvin S. Friedman* on the brief) for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *John J. Lucas, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Thomas Anthony DiNatale (appellant) was found guilty of violation of the narcotics laws by a jury in the Circuit Court for Baltimore County. Under indictment No. 35328 he was convicted of possession of marijuana (1st count), control of marijuana (2nd count), and sale of marijuana (3rd count), the offenses occurring on 1 October 1968. Under indictment No. 35329 he was convicted of the possession of marijuana (1st count) and control of marijuana (2nd count), the offenses occurring on 7 October 1968. A general sentence of 5 years was

imposed on the convictions under each indictment, the sentences to run concurrently.

## CONTENTIONS

Appellant contends that:

I. The lower court erred in denying a motion for a separate trial on each indictment.

II. As to the offenses of 1 October 1968, he was entrapped.

III. As to the offenses of 7 October 1968, evidence was obtained by an unreasonable search and seizure.

IV. The lower court erred in not granting a continuance.

### THE MOTION FOR SEPARATE TRIALS

Prior to trial appellant filed a motion that each indictment be separately tried "since defendant believes he will be prejudiced if such cases are tried together." Maryland Rule 716a provides that two or more offenses may be charged in the same indictment in a separate count for each offense. Rule 734 provides that the court may order two or more indictments to be tried together if the offenses and the defendants, if there be more than one, could have been joined in a single indictment. Rule 735 provides that if it appears that an accused or the State will be prejudiced by a joinder of offenses or of defendants in an indictment, or by joinder of trial together, the court may order an election or separate trials of counts, grant separate trials of defendants or provide such other relief justice requires. A motion under Rule 735 may be made only before the jury is sworn, as was here done, or, where trial by jury is waived, before any evidence is received.

Here there was only one defendant and, under Rule 716a the offenses could have been charged in one indictment in a separate count for each offense. Since the offenses could have been joined in a single indictment, Rule 734 permitted the court to order that the two indictments

be tried together. And we find no error in the denial of the motion for a separate trial under each indictment since it did not appear that appellant would be prejudiced by a joinder by trial together. The record does not disclose that any evidence as to prejudice to the defendant was produced. On the issue the court was advised that "as a result of dealings between the police, or an informer and the defendant on October 1, 1968, a warrant for his arrest was obtained. He was arrested on October 7, 1968" and upon a search incident to the arrest marijuana was found in his possession. In *McLaughlin v. State,* 3 Md. App. 515, at 522, we found no error in the joinder of trial together of three indictments since the offenses were of the same general nature, formed part of the development of the same transaction, and permitted the same mode of trial. And we believe that even had separate trials been granted, evidence adduced as to either the crimes of 1 October or 7 October would have been admissible in proving the other. See *Wood v. State,* 191 Md. 658, 664; *Bryant v. State,* 207 Md. 565, 586; *Jennings v. State,* 8 Md. App. 312 (1969). Whether or not to order separate trials was within the sound discretion of the trial court, and we find no abuse of discretion here. See *Wanzer v. State,* 202 Md. 601. As noted in *Jennings* we think Rule 735 conforms in substance with the common law rule discussed and applied in *Wanzer.*

## ENTRAPMENT

Appellant's defense at trial as to the offenses alleged to have been committed on 1 October 1968 was that he did not possess, control or sell marijuana on that date. The defense of entrapment was not made. The point not being tried and decided below, it is not before us. Rule 1085.

In any event we think it clear on the evidence adduced that appellant was not entrapped. As appellant summarized the evidence, a Maryland State Trooper testified that while working undercover in investigating violations of the narcotics laws, he asked appellant on 1 Oc-

tober if he had any marijuana for sale and that appellant agreed "to sell me four nickel bags which would be $20.00." Appellant left the area in his car and returned about 10 or 15 minutes later. The Trooper got in the car and the sale was made to him while they drove around on some back roads. We discussed the defense of entrapment in *Simmons v. State,* 8 Md. App. 355 (1969). Applying the test adopted in *Simmons* we see no inducement on the part of the police for appellant to commit the crimes alleged as occurring on 1 October and, even assuming such inducement, we believe the evidence was sufficient to show that appellant was ready and willing to commit them without persuasion. In short, the criminal conduct of appellant was not the product of the creative activity of the police.

## THE SEARCH AND SEIZURE

The convictions of the crimes alleged to have occurred on 7 October were predicated upon evidence obtained from the glove compartment of the car in which appellant was arrested under authority of an arrest warrant. The search was incident to his arrest and the seizure was a corncob pipe, which upon analysis was proved to contain marijuana. The arrest of appellant under the authority of the warrant was legal and appellant does not claim that it was not. The arrest being legal the contemporaneous search of the automobile in which he was seated when arrested was reasonable as incident to the arrest and the seizure of the evidence found in the glove compartment was likewise reasonable. *Tierney v. State,* 7 Md. App. 56, 64-65. Appellant urges the application of *Chimel v. California,* 395 U. S. 752. We have held that *Chimel* applies only to cases in which the prosecution seeks to introduce the fruits of a search conducted after 23 June 1969; thus it is not available to appellant. *Scott v. State,* 7 Md. App. 505, 518. Further we call attention to note 9 in *Chimel,* in which the Court said:

> "Our holding today is of course entirely consistent with the recognized principle that, as-

suming the existence of probable cause, automobiles and other vehicles may be searched without warrants 'where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' *Carroll v. United States*, 267 U. S. 132, 153; see *Brinegar v. United States*, 338 U. S. 160."

## THE QUESTION OF CONTINUANCE

During the trial the State called Frank Jones as a witness. At the bench appellant objected to Jones testifying because he had not been apprised of Jones' name as a witness for the State. However, appellant had not made demand for the names of the witnesses whom the State intended to call to prove its case in chief as provided by Rule 728a 3. Defense counsel said that discovery had not been invoked because the State had made its entire file available to him before trial, but Jones' name did not appear therein. The State explained that it only learned of Jones' activity and that of another witness, Paul Lancaster, in the case from the police on the morning of the trial. Defense counsel noted that the State in its opening statement, told the jury that Jones made a purchase of marijuana from appellant.[1] The court ruled that Jones and Lancaster could testify since appellant had not sought discovery. We point out that Rule 728 provides no sanction for the failure to include a name in the list of witnesses furnished by the State even upon request nor is there a statute providing one. *Jones v. State*, 5 Md. App. 180, 188. See *Clark and Richardson v. State*, 6 Md. App. 91, 96; *Brown v. State*, 4 Md. App. 612, 616. Appellant did not move for a continuance or a postponement of the trial. He did not suggest that he needed time to pre-

---

1. Jones, an undercover agent, not a police officer, testified that appellant had sold him marijuana on 1 October 1968. This transaction was separate and distinct from that between the Trooper and appellant. Lancaster, also an undercover agent and not a police officer, testified that the marijuana purchased from appellant by Jones was given to him by Jones for safekeeping. Lancaster turned the evidence over to the police.

pare his defense in the light of the calling of challenged witnesses to testify. It is on appeal that he urges that "justice required the court to grant a continuance or postponement," citing Rule 717. That Rule provides that the names of the witnesses on whose evidence the indictment was based shall be endorsed on the indictment.[2] Here Jones' name and that of Lancaster were not endorsed on the indictments, but the Rule specifically provides that "failure so to endorse the names shall not affect the validity or sufficiency of the indictment, or the admissibility of other evidence, but the court, on motion of the defendant, shall direct the names to be so endorsed, or otherwise furnished to the defendant, and may grant such continuance or postponement of the case as justice may require." The thrust of the argument in appellant's brief is that "justice and fair play were denied him when witnesses Jones and Lancaster were allowed to testify over counsel's objection. In the circumstances here existent we see no error in the failure of the court to grant a postponement or continuance of trial not demanded by appellant or in permitting the witnesses to testify. We note that the evidence was sufficient to sustain the convictions of the crimes alleged to have occurred on 1 October on the testimony of the police officer alone.

*Judgments affirmed; costs to be paid by appellant.*

---

2. When endorsed on the indictment there is no requirement, constitutional or otherwise, that they be called to testify for the State. *Couser v. State,* 4 Md. App. 543, 547.