RALPH LAMB, Sheriff of Clark County, Nevada, Appellant, *v.* GAROLD DAVE LOVELESS, Respondent.

No. 6014

April 17, 1970          468 P.2d 24

*Harvey Dickerson,* Attorney General; *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Appellant.

*Foley, Garner & Shoemaker,* of Las Vegas, for Respondent.

# OPINION

By the Court, MOWBRAY, J.:

This is an appeal from an order of the district judge granting the respondent-defendant's petition for habeas on the ground that insufficient evidence was adduced at the preliminary hearing to require him to answer the charge of embezzlement in the district court. We agree with the district judge, and we affirm his order discharging the defendant.

1. *The Facts.*

Garold Dave Loveless was charged by criminal complaint with embezzlement. NRS 205.300.[1] The complaint arose out of a consignment to sell a vehicle. According to the transcript of the preliminary hearing, Loveless was "manager" of Fortune Traders Inc., a Nevada corporation that operated a sales agency in Las Vegas known as the Auto Center. The Center received and sold, for a commission, cars of individuals on a consignment basis. This is one of those cases. The owner of the car was Thomas J. Schultz, who testified at the hearing that

---

[1]NRS 205.300 reads, in relevant part:

"1. Any bailee of any money, goods or property, who shall convert the same to his own use, with the intent to steal the same or to defraud the owner or owners thereof and any agent, manager or clerk of any person, corporation, association or partnership; or any person with whom any money, property or effects shall have been deposited or entrusted, who shall use or appropriate such money, property or effects or any part thereof in any manner or for any other purpose than that for which the same was deposited or entrusted, shall be guilty of embezzlement, and shall be punished in the manner prescribed by law for the stealing or larceny of property of the kind and name of the money, goods, property or effects so taken, converted, stolen, used or appropriated."

he did not know Loveless.[2] Mr. Shultz on June 6, 1968, delivered his 1963 half-ton Chevrolet truck to Marion Russell Galpin, Jr., who was employed at the Center. At the time of delivery a consignment agreement was signed by Mr. Schultz and his wife, authorizing Auto Center to sell their truck for them.[3]

The truck was sold on June 18, 1968, to Ronald Bloxham for a total purchase price of $875. The Schultzes never received one cent of the money due them. Evidently the Center ran into financial difficulties and was closed down by "two constables." Loveless testified at the hearing that he was manager of Fortune Traders Inc. and knew of the Schultz transaction but never received "one red penny" from the sale of the vehicle. His contention was that the money was taken by two constables and a bondsman, Robert M. Bohen.[4]

2. *The Habeas Hearing.*

The district judge during the habeas hearing requested the State to show him in the record of the preliminary hearing any evidence that would establish that Loveless received and converted the proceeds from the sale of the Schultzes' car to his own use:

"COURT: We're going to judge this thing on the record as

---

[2]"Q. [by Addeliar D. Guy, Deputy District Attorney, Clark County] Sir, what is your name?
"A. Thomas J. Schultz.
". . . .
"Q. Do you know the defendant, Garold D. Loveless?
"A. I didn't.
"Q. Do you know the defendant, Garold D. Loveless?
"A. I know who he is, yes.
". . . .
"THE COURT: Do you know the defendant in this action, Garold D. Loveless?
"THE WITNESS: I have seen his pictures. That is the man over there (indicating)."

[3]The agreement was received in evidence at the preliminary hearing and apparently received by the district judge. It was not made part of the record on this appeal. (It was attached to respondent's reply brief.)

[4]"THE COURT: When you sold the truck to Mr. Bloxham, why was not the sum of $800 turned over to Mr. Schult at that time prior to turning the money into the company?
"THE WITNESS [Loveless]: Gee, I don't know why it wasn't unless they picked up the money and everything. I don't know what happened.
"THE COURT: Who picked the money up?
"THE WITNESS: The two constables and Mr. Bohen.
"THE COURT: What time did they come down and padlock the business?
"THE WITNESS: I don't know because I was not there."

it was made at the preliminary hearing, and that is the basis of the writ. I would like to have you examine the transcript of the testimony taken at the preliminary hearing and point out to me where the defendant, other than accepting the money from the purchaser, got any other benefits from that money, or used it for his own benefit.

"MR. GUY: Your Honor, I don't think that the State can prove one hundred percent that the defendant got the use of the money for his own benefit. We can prove that he got the money."

The State was unable to show to the district judge that the crime of embezzlement had been committed, and the writ was granted.

3. *New Evidence.*

The State on this appeal urges that the district judge erred in not permitting the State to introduce new evidence at the habeas hearing to prove that a crime had been committed. The district judge correctly denied the State's attempt to do so. In support of this rather novel suggestion, the State relies on NRS 34.470(3)[5] and NRS 34.520.[6] These statutes are not applicable at all. Probable cause that a crime has been committed and that the defendant committed it must be established at the preliminary hearing, since the very reason for the preliminary hearing is to weed out groundless or unsupported charges, so that the accused may be relieved of the degradation of a criminal trial and the deprivation of his liberty. To suggest, as the State does, that evidence deficiencies in the preliminary hearing may later be cured at a habeas hearing by offering new

---

[5]NRS 34.470(3):
"The judge shall have full power and authority to require and compel the attendance of witnesses by process of subpena and attachment and to do and perform all other acts and things necessary to a full and fair hearing and determination of the case."

[6]NRS 34.520:
"If it shall appear to the judge, by affidavit, or upon hearing of the matter, or otherwise, or upon the inspection of the process or warrant of commitment, and such other papers in the proceedings as may be shown to the judge, that the party is guilty of a criminal offense, or ought not to be discharged, the judge, although the charge is defectively or unsubstantially set forth in such process or warrant of commitment, shall cause the complainant, or other necessary witnesses, to be subpenaed to attend at such time as ordered, to testify before the judge; and upon the examination, he shall discharge such prisoner, let him to bail, if the offense be bailable, or recommit him to custody, as may be just and legal."

evidence would not only emasculate the purpose of the preliminary hearing but also the effectiveness of the ancient writ of habeas corpus.[7]

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

---

[7]There was no prohibition against the State's refiling the complaint and presenting, if available, adequate and sufficient evidence to establish probable cause at a new preliminary hearing, which procedure would appear far more expedient than prosecuting this appeal.