RICHARD CHARLES ROY, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 6345

November 2, 1971                    489 P.2d 1158

*Harry E. Claiborne* and *Annette R. Quintana,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney for Appeals, Clark County, for Respondent.

# OPINION

By the Court, GUNDERSON, J.:

The appellant, a 22-year-old mentally retarded bus boy, able neither to read nor write, purchased a "lid" of marijuana for an undercover police officer who pretended interest in him and friendship for him. Convicted of the nonprobationable offense of selling marijuana in violation of NRS 453.030 and NRS 453.210(2), sentenced to prison for four years, appellant assigns as error the trial court's refusal to give the following instruction:

"If you believe that Police Officer R. Baggett asked the defendant to get some marijuana for him and that the defendant thereupon undertook to act in behalf of Police Officer Baggett rather than on defendant's own behalf, and in so doing, purchased the marijuana from a third person with whom the defendant was not associated in selling marijuana, and that defendant thereafter delivered the marijuana to Police Officer Baggett, the defendant is not a seller and cannot be convicted of the offense of selling marijuana."

Where the evidence does not foreclose it, the pertinent authorities establish that such an instruction must be given. Appellant's counsel carefully couched the proffered instruction in language faithfully following that approved in a long line of federal authorities, e.g.: United States v. Sawyer, 210 F.2d 169 (3rd Cir. 1954); Adams v. United States, 220 F.2d 297 (5th Cir. 1955); Bruno v. United States, 259 F.2d 8 (9th Cir. 1958); United States v. Prince, 264 F.2d 850 (3rd Cir. 1959); Lewis v. United States, 337 F.2d 541 (D.C. Cir. 1964), the latter opinion being delivered by Chief Justice Burger when he was a circuit judge. The propriety of such an instruction is also generally supported by numerous other authorities, e.g.: Durham v. State, 280 S.W.2d 737 (Tex.Crim.App. 1955); People v. Buster, 145 N.Y.S.2d 437 (N.Y.App. 1955); Townsel v. State, 286 S.W.2d 162 (Tex.Crim.App. 1956); Henderson v. United States, 261 F.2d 909 (5th Cir. 1958); People v. Branch, 213 N.Y.S.2d 535 (N.Y.App. 1961); People v. Lindsey, 238 N.Y.S.2d 956 (N.Y.App. 1963); People v. Fortes, 260 N.Y.S.2d 716 (N.Y.App. 1965); People v. Hingerton, 277 N.Y.S.2d 754 (N.Y.App. 1967). Indeed, it may even be

contended appellant might have requested a stronger instruction, cf. Smith v. State, 396 S.W.2d 876 (Tex.Crim.App. 1965).

Still, as a possible ground for distinguishing these authorities, the State notes that in most cases the actual seller was joined as a defendant along with the person involved as the buyer's agent. Of course, such a distinction is without substance, for the criminality of one person's acts cannot rationally depend on whether the State decides to prosecute another.

The State also suggests our decisions in Glosen v. Sheriff, 85 Nev. 145, 451 P.2d 841 (1969), and Glosen v. Sheriff, 85 Nev. 166, 451 P.2d 843 (1969), establish our law contrary to what decisions of other courts quite uniformly establish as the law elsewhere. This patently is not so. In the *Glosen* cases, habeas corpus matters concerned merely with probable cause to hold for trial, this court held one who traffics in narcotics by assisting a seller may be found guilty of a "sale," although he takes no profit from the transaction. We did not hold, as the State would suggest, that one may be guilty of a sale when he does not participate in his own behalf or on behalf of the seller, but solely on behalf of a buyer such as police officer Baggett. In the *Glosen* cases the evidence strongly suggested, and certainly did not negate, that Pearson and Crown were involved on behalf of Glosen. Our legislature has eliminated personal profit as a matter of concern. It has not eliminated concern for whether the defendant is in any real sense a seller, exchanger, barterer, giver, or source of supply. NRS 453.210(2).

It seems rather fundamental that one cannot be found guilty of being a "seller," when he has not acted for the supplier but solely for the recipient. Asked at oral argument if the State could successfully prosecute appellant, at a new trial with proper instructions as requested by appellant, the State's representative conceded it could not, or at least would not, attempt further prosecution. Accordingly, the conviction is reversed; appellant is discharged; his bond is exonerated.

ZENOFF, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.