RENE MARY URSINO and STEVEN DONALD HEIAR, Appellants, *v.* SHERIFF, WASHOE COUNTY, NEVADA, Respondent.

No. 8253

June 26, 1975                    537 P.2d 316

*Lohse and Lohse, Chartered,* and *William K. Lohse,* Reno, for Appellants.

*Robert List,* Attorney General, Carson City, *Larry R. Hicks,* District Attorney, and *Richard L. Davenport,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

*Per Curiam:*

By criminal complaint, appellants were charged with ten (10) different felonies and, after preliminary examination, they were ordered to stand trial on a six (6) count information.[1]

---

[1] The information charged: I. Both appellants with possession of marijuana on January 20, 1975 (NRS 453.336 and 453.161). II. Appellant Heiar with sale of marijuana on January 20, 1975 (NRS 453.321). III. Both appellants with possession of cocaine on January 23, 1975 (NRS 453.336 and 453.171). IV. Both appellants with sale

A pretrial habeas challenge contended the evidence submitted to the magistrate was insufficient to meet the probable cause requirement prescribed in NRS 171.206. Appellants also argued counts IV, V and VI cannot stand because they were merely acting as "purchasing agents" for an undercover police officer when they allegedly acquired the cocaine on January 29, 1975. Habeas relief was denied and appellants now argue the district court committed error.

1.  In regard to count III the only probative or demonstrable evidence suggesting that cocaine even existed in proximity to these appellants on January.23, 1975, is the testimony of an undercover police officer who said he had demonstrated, to appellant Heiar, the "correct" way to package a substance that appeared to be cocaine. Appellant Ursino was said to be present in the room when this demonstration took place.

We deem this evidence insufficient to hold appellants for trial on Count III. Hammond v. Sheriff, 91 Nev. 176, 532 P.2d 1030 (1975).

The contention of lack of probable cause as to the other counts contained in the information is without merit. NRS 171.206. We are not now concerned with the prospect that the evidence presently in the record may, by itself, be insufficient to sustain a conviction on any of the remaining counts. McDonald v. Sheriff, 89 Nev. 326, 512 P.2d 774 (1973).

2.  In support of their contention that they were merely "purchasing agents" for an undercover police officer, appellants argue they are immune from prosecution under our decision in Roy v. State, 87 Nev. 517, 489 P.2d 1158 (1971). At this juncture their reliance on *Roy* is misplaced. "*Roy* involved the right of an accused to have a 'purchasing agent' instruction given to the jury, '[w]here the evidence does not foreclose it, . . .'" Whitmore v. Sheriff, 88 Nev. 688, 689, 504 P.2d 703 (1972).

The order of the trial court is reversed as to count III; as to counts I, II, IV, V and VI, it is affirmed.

---

of cocaine on January 29, 1975 (NRS 453.321). V. Both appellants. with possession of cocaine on January 29, 1975 (NRS 453.171). VI. Both appellants with conspiring to sell a controlled substance on January 29, 1975 (NRS 453.401 and 453.321).