TERRY PETERSON, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8788

May 14, 1976                    549 P.2d 752

*Theodore J. Manos,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Francis J. Morton,* Deputy, Clark County, for Defendant.

## OPINION

*Per Curiam:*

The Clark County Grand Jury returned an indictment charging *Terry* Peterson with sale of heroin, a controlled substance. (NRS 453.321; 453.161.)

In an effort to avoid trial Peterson timely petitioned for habeas corpus, contending the charge should be dismissed because the evidence adduced before the grand jury did not meet the probable cause test delineated in NRS 172.155(1).[1] We agree.

The record on appeal reveals the grand jury received sufficient evidence from which they could conclude a sale of heroin was made; however, there is absolutely no testimony which would implicate *Terry* Peterson in the sale. An undercover Las

---

[1]"The grand jury ought to find an indictment when all the evidence before them, taken together, establishes probable cause to believe that an offense has been committed and that the *defendant* has committed it." [Emphasis added.]

Vegas Police (narcotics) Officer, L. C. Kennedy, was the sole witness appearing before the grand jury. He testified that *Jerry* Peterson, appellant's brother, was the individual who consummated the heroin sale. After the habeas petition was filed Officer Kennedy, in an effort to bolster the grand jury transcript, executed an affidavit which stated he had made a mistake while testifying, and that he had intended to testify that *Terry* Peterson was the individual who had sold the heroin.[2] Cf. Petschauer v. Sheriff, 89 Nev. 328, 512 P.2d 1325 (1973). The affidavit cannot be utilized as evidence of probable cause of *Terry* Peterson's involvement in the charged crime. The district court, at the habeas hearing, is limited to the evidence which was before, and considered by, the grand jury in testing the sufficiency of probable cause to support an indictment. Azbill v. State, 84 Nev. 345, 347, 440 P.2d 1014, 1015 (1968). Cf. Lamb v. Loveless, 86 Nev. 286, 468 P.2d 24 (1970). See also, Ursino v. Sheriff, 91 Nev. 409, 537 P.2d 316 (1975).

We therefore reverse and remand, with instructions to grant a writ of habeas corpus as to the charges in the indictment, without prejudice to institution of another prosecution by appropriate proceedings.[3]

---

[2]While before the grand jury, undercover agent Kennedy first testified that, at the time and on the occasion in question, the contraband he had purchased was "marijuana." The prosecutor refreshed Kennedy's memory as to the substance, but not the seller.

[3]Additional and other viable charges against *Terry* Peterson were unsuccessfully challenged in a separate appeal.