WILLIAM EDWARD MYERS AND BEVERLY ANN PARKER PURPURA, APPELLANTS, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 11138

November 10, 1978                    585 P.2d 1350

*Goodman, Oshins, Brown & Singer,* and *Stephen Stein,* Las Vegas, for Appellants.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *M. Douglas Whitney,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Beverly Ann Parker Purpura filed a pretrial petition for a writ of habeas corpus challenging count I of an indictment which charged her, *inter alia,* with an attempt to sell a controlled substance on December 3, 1977, in Las Vegas, Nevada. Habeas was denied and in this appeal Purpura contends the district judge committed reversible error.[1] We agree.

The only evidence in the record that purports to connect Purpura with the charged crime is that during the evening of

---

[1] Although William Myers is named as an appellant in the record which has been docketed, there is no cognizable issue involving him.

December 3, 1977, she was in the company of William Myers and another person in the Las Vegas Hilton Hotel when an undercover narcotic agent allegedly met with and received from Myers two tennis ball cans that contained cocaine, a controlled substance.

Although the evidence regarding Purpura's association with Myers may constitute some transgression of the law, we deem such evidence insufficient to support a charge of attempted sale. Accordingly, the district judge should have granted Purpura's habeas challenge to count I of the indictment which charged her with that crime. *See* Palombo v. Sheriff, 93 Nev. 492, 568 P.2d 580 (1977). *See also* Ursino v. Sheriff, 91 Nev. 409, 537 P.2d 316 (1975).

Reversed.