GARY W. HILLIS, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 16563

December 10, 1987                    746 P.2d 1092

*Barbara Byrne,* Public Defender, Elko, for Appellant.

*Brian McKay,* Attorney General, and *David F. Sarnowski,*
Deputy Attorney General, Carson City, for Respondent.

532

## OPINION

*Per Curiam:*

Gary Wayne Hillis was convicted of trafficking in cocaine in violation of NRS 453.3395 and possession of marijuana in violation of NRS 453.336. Hillis contends his convictions should be reversed for various reasons stemming from the circumstances of his arrest and for the trial court's refusal to instruct the jury on certain lesser-included offenses and on the procuring agent defense.

Ed Knotts thought volunteering as a confidential informant might improve his chances of being hired by the Sheriff's Department. Elko authorities accepted his services and allowed him to choose his own targets. Knotts thought of Gary Hillis whom he had known in Utah when they worked at neighboring gas stations. Knotts had reason to believe Hillis sold small amounts of cocaine at a Salt Lake City bar. Hillis had also offered Knotts cocaine while on a visit to Wendover.

In October, 1984, Knotts called Hillis in Utah and asked him to obtain an ounce of cocaine. He telephoned Hillis numerous times in a two-week period. Finally, Hillis agreed to meet Knotts in

Wendover with the cocaine. He arrived at the Nevada Crossing Casino with Brent Barns and two women. In Barns' automobile, Barns and Knotts proceeded to a hotel room. Inside the room, Hillis showed Knotts a large packet of cocaine and they both ingested a quantity of the substance. Knotts announced he only had half the purchase price and suggested they divide the cocaine. Hillis was arrested as he and Knotts left the hotel room to obtain scales. A search of his person yielded one heat-sealed packet of cocaine weighing 24.76 grams, two small vials containing 1.81 grams, a larger vial containing 3.13 grams, and a small quantity of marijuana. Nine other bags of marijuana were found in Barns' car. Hillis was charged with trafficking in cocaine and possession of marijuana for sale. The jury convicted him of trafficking in cocaine and simple possession of marijuana.

First, Hillis contends he was entrapped as a matter of law because police had no reason to believe he was predisposed to sell cocaine. In Shrader v. State, 101 Nev. 499, 501-502, 706 P.2d 834, 836 (1985), we held the police must have reasonable cause to believe a specific individual is predisposed to commit the crime before they can target him for an undercover operation. However, entrapment is an affirmative defense which, if it does not clearly appear on the record as a matter of law, the defendant must prove. Lisby v. State, 82 Nev. 183, 186, 414 P.2d 592, 594 (1966). It cannot ordinarily be raised for the first time on appeal. United States v. Donell, 469 F.2d 85, 86 (9th Cir. 1972); United States v. Priest, 419 F.2d 570, 572 (10th Cir. 1970); DiNatale v. State, 260 A.2d 669, 671 (Md.App. 1970). Because the record does not reflect Hillis ever asserted the entrapment defense below, we deem the point to have been waived and will not be considered on appeal. Old Aztec Mining Co. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

Next, Hillis contends police conduct in luring him into the state for the purpose of arresting him was so outrageous as to offend the due process clause of the 14th amendment. Hillis also failed to make this argument to the trial court. However, constitutional questions may be reviewed on an adequate record despite failure to raise the issue below. Wilkins v. State, 96 Nev. 367, 372, 609 P.2d 309, 312 (1980).

In United States v. Russell, 411 U.S. 423, 431-432 (1973), the United States Supreme Court commented it "may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes

to obtain a conviction." However, only the most egregious activity implicates constitutional concerns. Governmental conduct is only constitutionally impermissible where "shocking to the universal sense of justice" and violative of the fundamental fairness mandated by the due process clause. *Id.* at 431. The Third Circuit has cautioned, "We must necessarily exercise scrupulous restraint before we denounce law enforcement conduct as constitutionally unacceptable; the ramifications are wider and more permanent than when only a statutory defense [entrapment] is implicated." United States v. Janotti, 673 F.2d 578, 607-608 (3d Cir. 1982).

Governmental conduct in luring a defendant into the state for the purpose of obtaining an arrest may be so outrageous as to bar conviction when the arrest serves no legitimate state interest. In People v. Isaacson, 378 N.E.2d 78 (N.Y. 1978), the court reversed a conviction on state due process grounds where a Pennsylvania resident agreed to procure cocaine for an informant who had been brutalized by New York police, but did not consent to transporting the contraband into New York. The defendant was present in New York only because of an elaborate scheme that caused him to unwittingly cross the state border. By contrast, Hillis voluntarily and knowingly brought a large amount of cocaine into the state only because the informant indicated that a group of card dealers wanted to make a purchase. The record also indicates he had previously brought cocaine into the state. Under these circumstances, we cannot say the state had no interest in effecting his arrest. We perceive no constitutional obstacle to the conviction.

Having decided the governmental conduct in this case did not offend the constitution, we also reject Hillis' argument that evidence obtained pursuant to his arrest should have been suppressed as the fruit of outrageous governmental behavior. We further note Hillis did not object to admission of the evidence at trial.

Hillis also contends the trial court erred in refusing to instruct the jury that "sale of a controlled substance" and "possession of a controlled substance for the purpose of sale" were lesser-included offenses of "trafficking." First, we note the evidence did not show a sale since no money or drugs had actually changed hands at the time of the arrest. *See* Ward v. Sheriff, 90 Nev. 439, 440, 529 P.2d 798 (1974). The requested instruction on "sale" was not pertinent and would have been erroneous if given. Lisby v. State, *supra,* 82 Nev. at 187, 414 P.2d at 959. Next, we

disagree that Hillis was entitled to an instruction on the lesser offense of "possession for the purpose of sale." The trafficking statute, NRS 453.3395, proscribes the possession of Schedule II controlled substances in quantities of 28 grams or more. The uncontradicted evidence in this case showed that Hillis possessed over 28 grams of cocaine at the time of his arrest. When there is no evidence at trial tending to reduce the greater offense, an instruction on a lesser offense may be properly refused. *Lisby, supra.* We are not persuaded by Hillis' argument that he could not be convicted of "trafficking" if cocaine possessed for personal use and cocaine possessed for sale together weighed 28 grams. Even simple possession of cocaine in the requisite amount can subject a person to prosecution under the trafficking statute. *See* NRS 453.336(2).

Finally, Hillis contends he was entitled to an instruction on the "procuring agent" defense. The rejected instruction was similar to that required in Roy v. State, 87 Nev. 517, 518, 489 P.2d 1158 (1971). In *Roy, supra,* we held a person who acts, not for the supplier, but solely for the recipient cannot be guilty of selling a controlled substance. *Id.* at 519, 489 P.2d at 1159.

The state argues the procuring agent defense is not applicable where the charge is "trafficking," rather than "selling." The distinction is hypertechnical. Trafficking encompasses selling when at least 28 grams of a controlled substance are involved. NRS 453.3395. The instant case involved 29.7 grams. We are not convinced the availability of the defense should hinge on a matter of 1.7 grams. We do note Hillis was charged under the possession provision of the statute, and not the sales provision. However, the principle enunciated in *Roy, supra,* logically extends to the charge of possession for the purpose of sale. If a person acting solely as an agent of the buyer is not a seller, neither does he possess the controlled substance for the purpose of selling it. *Cf. Roy, supra.* Even when possession for sale is not specifically alleged, the instruction may be required where possession was clearly incidental to a contemplated sales transaction initiated by an informant. The entire operation in this case centered on a sale. Knotts asked Hillis to obtain an ounce of cocaine. The price was established at $2,000.00. Hillis traveled from Utah for the sole purpose of bringing Knotts the cocaine. Hillis admitted a sale was contemplated; he merely claimed to have acted as the buyer's agent. Under these circumstances, the procuring agent instruction should have been given.

However, we conclude reversal is not required because the error was harmless. The procuring agent defense, as correctly stated in the rejected instruction, applies only when the defendant obtains the controlled substance from a person with whom he was not associated in selling drugs. Although Hillis denied being associated with the supplier, Barns, in selling cocaine, the weight of the evidence indicates otherwise. The evidence shows Hillis, who engaged in small cocaine transactions, was closely associated with Barns. He admitted being privy to Barns' purchase of large quantities of cocaine. We do not think it probable that omission of the procuring agent instruction affected the verdict.

We conclude appellants' contentions lack merit. Accordingly, we AFFIRM the judgment of the district court.[1]

GUNDERSON, C. J., and STEFFEN, SPRINGER, and MOWBRAY, JJ., concur.

[1]Notwithstanding the result we reach in this case, we do not wish to be understood as endorsing certain of the practices employed herein. In particular, we do not endorse utilizing an untrained and unsupervised volunteer as an undercover agent, whose hopes for employment as a regular officer turn upon producing arrests. We particularly do not endorse allowing such a volunteer to establish his own targets, and to structure his own investigative practices—including, if he desires, the ingestion of cocaine.

THE HONORABLE CLIFF YOUNG, Justice, did not participate in the disposition of this appeal.