PAUL ANDRE B., A MINOR, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 22449

May 15, 1992                                              830 P.2d 1344

*Erik R. Johnson,* Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, and *Noel S. Waters,* District Attorney, *Anne M. Langer,* Deputy District Attorney, Carson City, for Respondent.

# OPINION

*Per Curiam:*

Elmer Pruit (Pruit) was arrested and charged by the State with several narcotics offenses. Pursuant to the terms of a plea agreement, the State agreed to allow Pruit to plead to a lesser offense if he could provide information or assistance resulting in the arrest of one person who was above him in the chain of distribution of controlled substances. Pruit suspected appellant, a juvenile who worked with him, of dealing controlled substances, and, as a result, targeted him for an undercover operation.

Subsequently, Pruit set up a controlled buy of methamphetamine involving the appellant. On the afternoon of May 16, 1990, appellant and Pruit met at Pruit's automobile in their employer's parking lot. Pruit handed appellant $25.00 in prerecorded money, and appellant then walked across the parking lot to an automobile occupied by Jay Puddington (Puddington). Appellant handed the money to Puddington, and, in return, Puddington handed him a packet containing approximately a quarter gram of methamphetamine. Appellant returned to Pruit's automobile and gave Pruit the packet of methamphetamine. The State later arrested appellant and charged him with, inter alia, sale of a controlled substance.

At a hearing before a special master, appellant argued that he had been entrapped by the State and that he had been a "procuring agent" for Pruit rather than a "seller" of a controlled substance. The special master rejected these defenses and recommended a finding of delinquent on the sale charge. The district court also rejected these defenses in approving the special master's delinquency finding. On appeal, appellant argues that the district court erred in rejecting his entrapment and "procuring agent" defenses.

## DISCUSSION

### I. Entrapment

Appellant first contends that, as a matter of law, the State entrapped him into selling methamphetamine to Pruit. Appellant

asserts that the State furnished the opportunity for his criminal conduct and that he did not have a predisposition to commit the crime.

In Shrader v. State, 101 Nev. 499, 706 P.2d 834 (1985), we held that entrapment as a matter of law exists where the uncontroverted evidence shows that the State furnished an opportunity for criminal conduct to a person lacking the requisite predisposition. *Id.* at 501, 706 P.2d at 835. With respect to the burden of proof applicable to a defense of entrapment, we stated:

> [T]he 'affirmative' nature of the defense merely requires the defendant to put forth evidence of governmental instigation. Thereafter it is incumbent upon the state to demonstrate the defendant's predisposition. Essentially, the defendant bears the burden of production of the first element, while the prosecution subsequently bears the burden of proof on the second element. (Citation omitted.)

*Id.* at 504, 706 P.2d at 837-838.

Here, the State itself put forth evidence of governmental instigation. The testimony of the State's witnesses established that Pruit set out, at the behest of the State, to set up a controlled buy that would result in the arrest of one person who was above Pruit in the chain of distribution. Thus, the State, acting through Pruit, furnished appellant the opportunity to sell a controlled substance.

Under *Shrader,* our next inquiry is whether the State proved that appellant harbored the predisposition to sell the methamphetamine before being targeted by Pruit.

The State's evidence of appellant's predisposition consisted solely of Pruit's testimony regarding events prior to the May 16, 1990 methamphetamine transaction. Pruit testified that he targeted appellant because of a co-worker's statement that appellant was selling marijuana and that when he asked appellant about having marijuana for sale, appellant responded that it was a "possibility." Pruit also testified that appellant had indicated having a half-pound of marijuana for sale. Finally, Pruit testified that appellant had agreed to sell him a sixteenth ounce of methamphetamine but that the purchase fell through because appellant was unable to get the narcotics from his supplier.

Pruit is a disreputable man who had a motive to lie about appellant's predisposition; nevertheless, his testimony stands uncontroverted. Appellant alleges that Pruit intimidated, frightened and coerced him; yet appellant offers no evidence or testimony supporting these allegations. Appellant did not testify at the

fact-finding hearing, and his counsel did not call any witnesses on his behalf.

Pruit's uncontradicted testimony indicated that appellant was predisposed to sell controlled substances before Pruit targeted him for the controlled buy. The weight and credibility of a witness' testimony is within the province of the trier of fact. Washington v. State, 96 Nev. 305, 608 P.2d 1101 (1980). The district court, sitting as the trier of fact, found Pruit to be credible. Thus, we conclude that the district court correctly found that the State's evidence sufficiently established appellant's predisposition to sell controlled substances.

## II. "Procuring Agent"

Appellant next contends that he could not be found delinquent on the sale of a controlled substance charge because he acted solely for the benefit of Pruit in obtaining the methamphetamine.

We have previously considered the "procuring agent" issue. In Roy v. State, 87 Nev. 517, 489 P.2d 1158 (1971), we considered whether a twenty-two-year-old mentally retarded man who purchased marijuana for an undercover police officer who had feigned to be his friend could be convicted of the offense of selling marijuana. In reversing the conviction, we concluded that the district court erred by refusing to give the following jury instruction:

> If you believe that [the officer] asked the defendant to get some marijuana for him and that the defendant thereupon undertook to act in [sic] behalf of [the officer] rather than on defendant's own behalf, and in so doing, purchased the marijuana from a third person with whom the defendant was not associated in selling marijuana, and that defendant thereafter delivered the marijuana to [the officer], the defendant is not a seller and cannot be convicted of the offense of selling marijuana.

Id. at 518, 489 P.2d at 1158. In explaining our decision, we stated that "[i]t seems rather fundamental that one cannot be found guilty of being a 'seller,' when he has not acted for the supplier but solely for the recipient." Id. at 519, 489 P.2d at 1159; see Hillis v. State, 103 Nev. 531, 536, 746 P.2d 1092, 1095 (1987).

Applying these precedents here, we conclude that the district court erred in rejecting appellant's "procuring agent" defense. First, the evidence shows that appellant, in obtaining the methamphetamine, acted not on his own behalf but on behalf of Pruit.

Appellant received neither money nor a share of the methamphetamine in return for obtaining the drugs for Pruit. In addition, Pruit's testimony shows that he initiated contact with appellant and that the sale of methamphetamine came about at the request of Pruit.

Second, there is simply no evidence that appellant acted for the benefit of Puddington—the supplier—in delivering methamphetamine to Pruit. Moreover, there is no evidence indicating that appellant had previously associated with Puddington in selling controlled substances.

In our view, the evidence adduced below supports appellant's contention that he was a "procuring agent" of Pruit and not a seller of a controlled substance.

## CONCLUSION

For the reasons given above, we conclude that the district court correctly rejected appellant's entrapment defense. We also conclude, however, that the lower tribunal erred in rejecting appellant's "procuring agent" defense. Accordingly, we reverse the district court's order of adjudication.