OPINION

Per Curiam:

Appellant Patricia Ann Dent was arrested for selling a controlled substance. She maintains that she acted only as a conduit for the transaction, for which she received no benefit. We conclude that there is no evidence of record from which a reasonable juror could infer that Dent benefitted from the sale. Therefore, we reverse her conviction.

FACTS

On January 13, 1994, several officers from the Las Vegas Metropolitan Police Department conducted an undercover narcotics operation in downtown Las Vegas, Nevada. Dent, a prostitute, was standing on the corner of 9th and Fremont Streets when undercover police officer Arturo Chavez approached her.
Chavez asked Dent if she had a “20,” which is street terminology for a quantity of rock cocaine worth twenty dollars. Dent responded that she did not, but knew where he could find some. *1367 Dent then led Chavez about one hundred feet down Fremont Street to two or three adult males.
Dent testified that she asked one of the men if he had any drugs. She also testified, and Chavez agrees, that the man "said yes, and then he turned around and went in his little stash and got out a 20 and gave it to me . . . . I then gave the rock to the officer, and the officer gave me the money." Officer Chavez then signaled his associates and left the scene before he saw what Dent did with the money. Dent claims she gave it to the man who supplied the drugs.
By the time the police moved in to make arrests, the supplier and the other men had left the area. Dent was the only person arrested. She possessed neither drugs nor money when she was arrested. She testified that she was not selling or helping to sell cocaine that night, and was only "hoping to find a john to make • . . some money."
Dent was convicted for selling a controlled substance, and sentenced to eighteen months in the Nevada State Prison. She appeals the conviction.
DISCUSSION
A conviction will not be set aside if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Koza v. State, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1981)) (emphasis omitted).
Dent was convicted of Sale of a Controlled Substance in violation of NRS 453.321.[1] Dent argued at trial that she could not be found guilty of selling a controlled substance because she was merely a procuring agent.
"A procuring agent is a person who acts, not on one's own behalf or for a supplier, but solely for the recipient. A procuring agent cannot be guilty of selling . . . a controlled substance." Sheriff v. Roylance, 110 Nev. 334, 338, 871 P.2d 359, 361 (1994). "{T]he procuring agent defense in a prosecution for a sale of a controlled substance can be maintained only if the defendant was merely a conduit for the purchase and in no way benefitted from the transaction." Love v. State, 111 Nev. 545, 548, 893 P.2d 376, 378 (1995). "It seems rather fundamental that one cannot be found guilty of being a `seller,' when he has *1368 not acted for the supplier but solely for the recipient.” Roy v. State, 87 Nev. 517, 518, 489 P.2d 1158, 1159 (1971). In Love, this court held that the burden is on the State to establish that the defendant had a profit motive or other direct interest when she obtained drugs for the recipient. Love, 111 Nev. at 551, 893 P.2d at 379.
Dent argues on appeal that the State failed to meet its burden of disproving the “procuring agent” defense at trial because it did not introduce any evidence that Dent retained any benefit from the transaction. We agree.
In Commonwealth v. Simione, 291 A.2d 764 (Pa. 1972), an undercover officer asked the defendant to arrange the sale of a quantity of hashish through a third-party seller. The officer gave his money to the defendant, who handed the money to the seller. The seller then gave the drug to the defendant, who gave it to the officer. Pennsylvania, like Nevada, does not have a statutory definition for the term “sale.” However, in construing “words employed in the laws . . . according to their common and approved usage,” the Pennsylvania court held that it cannot fairly be said that the defendant is guilty of a sale where there was no evidence that the defendant received any of the proceeds of the sale. Id. at 786.
In Commonwealth v. Harvard, 253 N.E.2d 346 (Mass. 1969), the buyer approached the defendant and asked him for drugs. The defendant took him to a supplier. The supplier handed the drugs to the defendant, who passed them along to the buyer, and then the buyer gave $15 to the defendant, who passed it to the supplier. The Supreme Court of Massachusetts reversed the defendant’s conviction of selling a controlled substance because “where there is nothing to show that the defendant had any financial interest in the transaction, ... he should be prosecuted as an accessory, or one who has delivered, furnished, or exchanged a drug.” Id. at 348.
Similarly, the prosecution in this case was unable to set forth any direct evidence that Dent benefitted from the transaction. Upon arrest, Dent was not under the influence of drugs, and neither drugs nor money were found in her possession. Moreover, there is no evidence to contradict Dent’s story that she gave the money to the supplier because Chavez signaled his associates and left immediately after he handed the money to Dent. Finally, the fact that the supplier gave Dent the drugs before receiving payment is not enough to infer that she received benefit from the transaction.
The prosecution did allude to the fact that often a person called a “holder” will retain the proceeds from a drug sale for later *1369 distribution,[2] but then failed to offer any evidence that a holder was involved in this case.

CONCLUSION

For the reasons discussed above, the judgment of conviction entered against Dent is reversed.

NRS 453.32 1 states that it is "unlawful for any person to . . . sell . . . a controlled . . . substance."

The prosecutor asked Dent: “Isn’t it true that the money that you made off the drugs went to a person to hold specifically for that purpose? .... And that’s what they call a holder. . . .” She responded, “No, it is not true.”