LONNIE CHAMPION, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6542

November 23, 1971                    490 P.2d 1056

*Robert G. Legakes,* Public Defender, and *Jerrold J. Court-ney,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney for Appeals, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant stands convicted and sentenced to 10 years in prison for selling four heroin capsules to Verne Ray Boley, Jr., an addict-informer.

When the State adduces testimony by an addict-informer, the defendant is entitled to careful instructions cautioning the jury "of the care which must be taken in weighing such testi-mony," Crowe v. State, 84 Nev. 358, 367, 441 P.2d 90, 95 (1968); however, the trial court omitted to give such an instruction. The State concedes Boley "is about as unreliable an addict-informer as you can have," and that this "was known by the police agencies and the district attorney." The State further concedes that, except for Boley's testimony, the State adduced "nothing to show that the pills were turned over to

him and received from Champion." The State therefore concedes, and it could hardly do otherwise, that a proper cautionary instruction concerning Boley's testimony was central to the case. The State contends, however, that appellant's counsel waived his right to proper instructions by failing to request them.

"Under these exceptional circumstances, the lawyer assigned to defend him should have requested the special cautionary instruction. We have no doubt that the District Judge in this instance would have granted the request and given the charge. But, whether emanating from the fault of the attorney or from judicial error, plain error occurred when [defendant] was not accorded his right. 'Careful instructions', under the exceptional circumstances presented herein, demanded a charge as to the jury's evaluation and use of the testimony of the addicted informer. Its absence herein worked substantial prejudice to the defendant." United States v. Griffin, 382 F.2d 823, 829 (6th Cir. 1967).

Reversed and remanded for a new trial.