JOHN ARTHUR BUCKLEY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10454

September 24, 1979          600 P.2d 227

*Johnson, Belaustegui & Robison,* Reno, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Bruce R. Laxalt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, BATJER, J.:

One Paul Acklin was arrested for the sale of marijuana. In order to secure favorable treatment from the police, Acklin called appellant, a friend who lived in California, and told him that he was in trouble and needed ten pounds of marijuana immediately. That afternoon, when appellant arrived at Acklin's Reno, Nevada, apartment and sold the requested drugs, he was arrested.

Appellant was charged with sale and possession of a controlled substance. NRS 453.321; NRS 453.336. His defense was entrapment. The jury was unable to reach a verdict on the sales count, but found him guilty of possession. The district court dismissed the sales count and sentenced him to six years in prison for the crime of possession.

On appeal, the appellant claims that the district court erred by (1) refusing to grant a mistrial; (2) failing to give an instruction based upon the "purchasing agent" defense; and (3) failing to give an instruction regarding the credibility of the testimony of an informant. We disagree.

1. During presentation of the state's case-in-chief, a police officer who had been subpoenaed by the defense testified that a search of appellant's automobile glove compartment revealed an envelope with one-half ounce of marijuana in it, a glass vial containing cocaine, a pipe with marijuana residue in it, and a container of marijuana seeds. At this point, appellant moved for a mistrial because the prosecution had breached an informal open-file discovery agreement. The district court suppressed the subpoenaed evidence as having been obtained in violation of the Fourth Amendment, admonished the jury to disregard the officer's testimony, but denied the motion for a mistrial.

Appellant argues that the testimony was a surprise, and, had the prosecution not violated the discovery agreement, he would have moved the court, preliminary to trial, to suppress the evidence. Appellant predicates the alleged discovery breach on the fact that his attorney was never permitted to see the state's file, despite three visits, without appointment, to the prosecutor's office. On each occasion appellant's counsel was told that the prosecutor was busy and to return at some other time. Appellant proceeded to trial without ever examining the file. Furthermore, although he subpoenaed the officers involved in this case, he failed to speak with them or examine the subpoenaed materials they had brought with them, despite their presence before the trial commenced. If appellant had seen the file he would have been aware of the existence of the cocaine. Appellant concedes that his inability to see the file was not the result of wilful concealment by the prosecution. *Cf.* Maginnis v. State, 93 Nev. 173, 176, 561 P.2d 922, 923 (1977).

The district court concluded that there had been no breach of the discovery agreement. We agree. Appellant's counsel should have been more diligent in seeking the file. If appellant was dissatisfied with the discovery process he should have notified the court of this fact and sought a continuance. Since he went to trial without seeking redress for the alleged inadequate discovery, he cannot now be heard to complain about the discovery process. *Cf.* State v. Cunha, 193 N.W.2d 106, 111 (Iowa 1971); Barclay v. Commonwealth, 499 S.W.2d 283 (Ky. 1973); State v. Thompson, 539 S.W.2d 647 (Mo.App. 1976).

2. Appellant argues that the court should have instructed the jury on the "purchasing agent" defense. Roy v. State, 87 Nev. 517, 489 P.2d 1158 (1971). This contention is without merit because the agency defense is inapplicable to the crime of possession. People v. Sierra, 379 N.E.2d 196 (N.Y. 1978).

3. Appellant further contends the district court erred when it refused to give a cautionary instruction regarding the credibility of informants; *i.e.,* the credibility of Acklin. Champion v. State, 87 Nev. 542, 490 P.2d 1056 (1971); Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968). Such an instruction is required when an informant's testimony is uncorroborated and favored when the testimony is corroborated in critical respects. Crowe v. State, 84 Nev. at 367, 441 P.2d at 95-96.

Here the testimony was substantially corroborated; officers listened to Acklin's call to the appellant and were present when the sale was made. While the court should have given the

requested instruction, its failure to do so does not constitute reversible error. The court did give an instruction informing the jury that it was their duty to weigh a witness' credibility. There was substantial evidence of appellant's guilt. *Cf.* Jones v. United States, 396 F.2d 66 (8th Cir. 1968), *cert. denied* 393 U.S. 1057 (1969). Furthermore, the appellant fully cross-examined Acklin, delving into his biases and motives for testifying. Any error resulting from the failure to give the cautionary instruction is harmless. Evans v. State, 574 P.2d 24 (Alas. 1978).

Other contentions raised by the appellant are without merit. The judgment is affirmed.

MOWBRAY, C. J., and GUNDERSON and MANOUKIAN, JJ., and ZENOFF, S. J.,[1] concur.