SAMUEL HOWARD, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 15113

December 15, 1986          729 P.2d 1341

[Rehearing denied March 24, 1987]

*Lizzie R. Hatcher,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *James Tufteland,* Deputy District Attorney, *Daniel Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is a capital case. Appellant Howard stands convicted of first degree murder and two robberies with the use of a deadly weapon. Howard has demonstrated no prejudicial error, and we therefore affirm his convictions and sentences.

On March 26, 1980, Howard was caught in the act of trying to defraud Sears Roebuck by seeking a refund on goods which had not been purchased. While being detained in the store's security office, Howard produced a .357 magnum pistol and made his escape, taking a security officer's badge and portable radio with him.

Later that day Howard contacted the victim's wife, and told her that he was interested in purchasing a van that she and the victim had advertised for sale in the Sears parking lot. Howard was referred to the victim, a Las Vegas dentist, who made arrangements to meet him later in the day at a hotel-casino to discuss the purchase of the vehicle. When the victim, his wife and his daughter met with Howard at the hotel, Howard represented himself as a security officer employed by the hotel, openly displaying the stolen portable radio in authentication of this claim. Arrangements were made during this meeting for the

victim to meet with Howard the next day, March 27, at the victim's dentistry office to test-drive the vehicle. On March 27, the victim's body was found in the van. The victim had been robbed and murdered. The jury found Howard guilty of this murder and robbery. At a sentencing hearing the jury determined that Howard should receive the death penalty.

## THE ISSUES

1. *Effective Assistance of Counsel.* Howard contends that his state-provided counsel was ineffective. Howard argues that he had no trust in counsel's representation because one member of the Clark County Public Defender's Office had been the victim's patient, and another member had been an acquaintance of the victim.

Howard's claims do not objectively justify Howard's distrust of his attorney. Those attorneys in the public defender's office who had a personal or professional relationship with the victim were ordered by the trial court not to involve themselves in this case. There is nothing in this record to indicate that the court's order was violated or that Howard did not receive "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668 (1984); Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), *cert. denied,* 471 U.S. 1004 (1985).

2. *Severance of the Murder-Robbery Charge from the Sears Roebuck Charge.* Howard contends that the district court erred by refusing to sever the charges arising out of the armed robbery of the Sears security guard from those relating to the robbery and murder of the victim. We disagree.

NRS 173.115 provides that two or more offenses may be charged together when they are based on the same act or transaction or based on acts which are "connected together" or are "parts of a common scheme or plan."[1] While it may not be possible to characterize the Sears robbery and the murder and robbery of the victim as the same transaction, they are clearly connected together. Howard gained possession of his bogus security officer status, the two-way radio and the security badge,

---

[1]NRS 173.115 provides:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are:

1. Based on the same act or transaction, or

2. Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

during the Sears episode. Then, Howard saw the victim's van in the Sears parking lot with a "For Sale" sign bearing the victim's phone number. The two crimes occurred within a 24-hour period, and evidence indicates that Howard was wearing the same clothing during the two crimes and that one crime "flowed" into the other. Therefore, we conclude that the district judge did not abuse his discretion in permitting the joinder of these connected charges.

3. *Evidentiary Hearing on Admissibility of Custodial Statements.* Howard contends that the district court erred by refusing to grant him an evidentiary hearing on the issue of the voluntariness of incriminating statements he made while in custody. Our review of the record reveals that the district court did not err.

A hearing on this matter was set for April 8, 1983, but, on April 7, 1983, counsel stipulated that the motion would be continued until the date of trial, April 11, 1983. When the trial date arrived, the matter was not pursued. No further mention of an evidentiary hearing was made until the state was presenting the rebuttal testimony of Detective Leavitt.

Howard testified concerning statements which he had made while in custody prior to trial. The state then called Detective Leavitt as a rebuttal witness in order to impeach the testimony given by Howard.

Leavitt told the jury that before taking a statement from Howard he first advised him of his Miranda rights. Leavitt also testified Howard told him that he understood those rights and that they had been read to him several times before. Leavitt then testified that Howard told him that he recalled the Sears incident in Las Vegas. Leavitt also related Howard's statements regarding the fact that he might have killed someone in Las Vegas but could not recall for sure.

After Detective Leavitt's rebuttal testimony was given, defense counsel made the following statements to the trial judge outside the presence of the jury:

> When Detective Leavitt was testifying we approached the bench and advised the court that there was a pending motion to suppress raising voluntariness and six [sic] amendment issues which would be brought out during an out of the jury's presence hearing. The Court allowed us to make the objection at this time, rather than interrupt the testimony of the witness. And I would just like that on the record.

The apparent intention of the defense counsel was to remind the court of the pre-trial motion for an evidentiary hearing. Our review of the record leads us to conclude that this "reminder"

was so untimely as to constitute a waiver of the motion. To begin with, the motion for an evidentiary hearing was not timely filed. The motion was filed on April 1, 1983, ten days prior to trial. By statute, motions to suppress in a criminal prosecution are required to be filed no less than fifteen days before trial. NRS 174.125(3)(a). Although the trial court may waive the time requirement, the grounds for making an untimely motion must be established by affidavit. *See* NRS 174.125(3)(b) and (4). No such affidavit was supplied in the instant case.

Moreover, there is nothing in the record to contradict or oppose the trial court's ruling that Miranda warnings had been properly given. Accordingly, we conclude that the trial court properly denied a hearing and refused to suppress the statements given by Howard to police officers.

4. *Refusal to Give Instruction on Accomplice Testimony.* Howard contends that the district court erred in refusing to give the following instructions to the jury:

> The testimony of an accomplice ought to be viewed with distrust. This does not mean that you may arbitrarily disregard such testimony, but you should give to it the weight to which you find it to be entitled after examining it with care and caution and in light of all the evidence in the case.

Although the trial court refused to give the requested instruction, the court instructed the jury that an accomplice's testimony must be corroborated by other evidence in order to support a verdict.

The only case cited by Howard to support his argument that the instruction should have been granted is People v. Dowd, 428 N.E.2d 894 (Ill.App. 1981). In that case, however, the Illinois appellate court held that the failure to grant the instruction was not fatal to the conviction because the other instructions, when read together, were sufficient to inform the jury of the pitfalls of accomplice testimony. 428 N.E.2d at 905. The granting of an instruction such as the one now in question is required only when an accomplice's testimony is uncorroborated. Buckley v. State, 95 Nev. 602, 600 P.2d 227 (1979). The *Buckley* case indicates that a cautionary instruction is "favored" even when the testimony is corroborated in "critical respects" but that the failure to grant it may not constitute reversible error. This is especially true where the jury was instructed that it had the duty of weighing the witness' credibility, where there is substantial evidence of guilt and where the witness' motive and possible bias had been explored through cross-examination. *Id.* at 604-05, 600 P.2d 228-

29. Those factors were present in the case before us; the refusal of the instruction was therefore not reversible error.

5. *Failure to Instruct that Dawana Thompson was an Accomplice as a Matter of Law.* Howard contends that it was error for the trial court not to give an instruction directing the jury to consider Howard's companion, Dawana Thompson, as an accomplice as a matter of law.

If there could be no question that Dawana Thompson was an accomplice, the court should have instructed the jury positively that she was an accomplice. Such was the case in Austin v. State, 87 Nev. 578, 588, 491 P.2d 724, 730 (1971), in which the accomplice's testimony clearly detailed his involvement. In this case, however, it is far from clear whether Thompson was an accomplice to the crime committed by Howard. The question of whether a witness was an accomplice is clearly an issue for the jury to decide. *See* Globensky v. State, 96 Nev. 113, 605 P.2d 215 (1980) (citing Pineda v. Sheriff, 89 Nev. 426, 514 P.2d 651 (1973)); Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971); Tellis v. State, 84 Nev. 587, 445 P.2d 938 (1968); State v. Verganadis, 50 Nev. 1, 248 P. 900 (1926). We therefore reject as meritless this assignment of error.

6. *Penalty Phase: Failure to Instruct the Jury that it Could Consider Sympathy.* Howard contends that the trial court erred in granting instruction No. 15 which reads:

> Although you are to consider only the evidence in the case in reaching a verdict, you must bring to the consideration of the evidence your everyday common sense and judgment as reasonable men and women. Thus, you are not limited solely to what you see and hear as the witnesses testify. You may draw reasonable inferences from the evidence which you feel are justified in the light of common experience, keeping in mind that such inferences should not be based on speculation or guess.

> A verdict may never be influenced by sympathy, prejudice or public opinion. Your decision should be the product of sincere judgment and sound discretion in accordance with these rules of law.

A nearly identical instruction was approved by this court in Nevius v. State, 101 Nev. 238, 699 P.2d 1053 (1985).[2] An

___

[2]That instruction read:

Although you are to consider only the evidence from the trial and the penalty hearing in reaching a verdict, you must bring to the consideration of the evidence your everyday common sense and judgment as reasonable men and women. Thus, you are not limited solely to what

important distinction, however, is that in *Nevius* we rejected the California authority now relied on by Howard because in *Nevius* the penalty jury was fully advised "regarding the range of mitigating circumstances" they could consider. In this case the jury was instructed:

> Murder of the first degree may be mitigated by any of the following circumstances, even though the mitigating circumstance is not sufficient to constitute a defense or reduce the degree of the crime:
> 1. Any other mitigating circumstances.

Over Howard's objection, the trial court refused to instruct on any of the following, other mitigating circumstances listed in NRS 200.035:

> 1. The defendant has no significant history of prior criminal activity.
> 2. The murder was committed while the defendant was under the influence of extreme mental or emotional disturbance.
> 3. The victim was a participant in the defendant's criminal conduct or consented to the act.
> 4. The defendant was an accomplice in a murder committed by another person and his participation in the murder was relatively minor.
> 5. The defendant acted under duress or under the domination of another person.
> 6. The youth of the defendant at the time of the crime.

Howard objected to the failure to list these other mitigating circumstances but has not raised that failure as an issue on this appeal. Clearly the record would not support numbers 1, 3, 4 or 5. Also, Howard's age at the time of the crime, 31, removes number 6 from consideration. The defense sought to have number 2 listed as a mitigating factor in the instruction. The district court ruled that there was no evidence to support a finding that the murder had been committed while Howard was under the influence of extreme mental or emotional disturbance. Inspection of the record reveals no abuse of discretion or judicial error in making this ruling.

---

you see and hear as the witnesses testify. You may draw reasonable inferences which you feel are justified by the evidence, keeping in mind that such inferences should not be based on speculation or guess.

A verdict may never be influenced by sympathy, prejudice or public opinion. Your decision should be the product of sincere judgment and sound discretion in accordance with these rules of law.

Our review of the record in this case leads us to conclude that the sentence of death was not imposed under the influence of passion, prejudice or any other arbitrary factor. We further conclude that Howard's sentence of death is neither excessive nor disproportionate to the crime or defendant. *See* Deutscher v. State, 95 Nev. 669, 601 P.2d 407 (1979); Bishop v. State, 95 Nev. 511, 597 P.2d 273 (1979).

We have closely examined Howard's other arguments and have determined that they lack merit. There being no prejudicial error in this record, we affirm the convictions and sentence.