952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William James BERRY, Petitioner-Appellant,
v.
Harol WHITLEY, Warden, Respondent-Appellee.
 No. 90-15394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1991.*
Decided Jan. 6, 1992.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Berry, a Nevada state prisoner, appeals pro se the denial of his habeas corpus petition challenging his state court conviction for first degree murder. Berry challenges his state court conviction on three grounds, namely: 1) a violation of equal protection on Batson grounds; 2) a violation of due process from the state court's improper admission of hearsay evidence; and 3) a violation of due process from the state court's refusal to give a jury instruction on the weight or credibility of accomplice testimony. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.
 
 
 3
 The rule is now well-established that the Equal Protection Clause of the Fourteenth Amendment prohibits the prosecutor from using a peremptory challenge to exclude a potential juror solely on the basis of race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). In Batson, the Supreme Court set forth the requirements for a prima facie case of purposeful discrimination in the jury selection process. Id. at 96-97. The defendant need only show that he is a member of a cognizable racial group, and that the prosecutor exercised peremptory challenges to remove members of the defendant's race from the venire. Id. Provided the defendant is able to make the requisite showing, the burden shifts to the State to come forward with a neutral explanation for challenging that juror of the defendant's race. Id. The Court emphasized that the prosecutor's proffered explanation "need not rise to the level justifying exercise of a challenge for cause." Id. at 97.
 
 
 4
 Here, Berry successfully established a prima facie claim of purposeful discrimination. Berry is a black man and the prosecutor exercised peremptory challenges to exclude the only two black persons on the venire. Under Batson, once the inference of purposeful discrimination is made, the burden shifts to the State to come forward with a racially neutral explanation for challenging the two black jurors.
 
 
 5
 Here, the State's reasons for exercising the challenges were placed in the record by the district attorney. As to the first black juror excluded, the prosecutor stated:
 
 
 6
 I will say that race was not a factor.... She is the juror who indicated she had read about this case. I was left to speculate concerning what she knew or what opinions, if any, she had formed. She indicated she lived close to the scene.... Then it developed that a member of her immediate family had been convicted of robbery.... She indicated that there was some, I forget whether it was forcible entry by the police officers she didn't approve of or exactly what the context was. But there was some unhappiness expressed by her concerning law enforcement.... [T]he very obvious common denominator in addition to race is gender.... And so I will tell the Court the fact that Edna Burns was a young woman also figured in as a factor in exercising a peremptory challenge against her.
 
 
 7
 As to the second black juror excluded, the prosecutor stated:
 
 
 8
 She's the lady who indicated initially that she was a diabetic. So she had reservations from the beginning about serving. Again, I can appreciate that the court inquired, if given the schedule the Court announced, that would be a problem, and she indicated it wouldn't. Still that's a factor that any attorney involved in this case is entitled to consider, is she going to give her full attention to this case, or is she going to be the subject of some of the symptoms of her unfortunate condition, be wondering if she will get timely medication. She also is female.... [T]he diabetic condition of Miss Brown, the fact that she was unmarried, the fact that she had no children, and the fact that she was female, and I would additionally add the fact that she was a five-year resident of Las Vegas....
 
 
 9
 Consistent with the prosecutor's juror profile, the State struck four other females from the venire. The reasons put forth by the State adequately show that the prosecutor did not exercise peremptory challenges on the basis of race. The district court reviewed a fully developed record related to this claim. As such, it is unnecessary to remand this case for an evidentiary hearing on this matter. See Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991). We conclude Berry's Equal Protection rights under Batson were not violated in this case.[1]
 
 
 10
 Berry next contends he was denied due process when the trial court admitted a prior consistent statement, pursuant to Nev.Rev.Stat. § 51.035(2)(b), to rehabilitate a prosecution witness over Berry's hearsay objection. On federal habeas we do not review questions of state evidence law. Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991). Rather, we may only consider whether the petitioner's conviction violated constitutional norms, namely; did the admission of the evidence so fatally infect the proceedings as to render them fundamentally unfair. Id.
 
 
 11
 At trial, Frank Mazza and Janet Cole testified that Joe Mazza told them Berry shot a man while the two of them were attempting to buy cocaine. Pursuant to Nev.Rev.Stat. § 51.035(2)(b), the trial court admitted the testimony as prior consistent statements. Under section 51.035(2)(b) an out-of-court statement is not inadmissible hearsay if the declarant testifies at trial and is subject to cross-examination concerning the statement and the statement is "[c]onsistent with his testimony and offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive[.]" To be admissible under section 51.035(2)(b), however, the prior consistent statement must have been made at a time when the declarant had no motive to fabricate. Cheatham v. State, 761 P.2d 419, 421 (Nev.1988).
 
 
 12
 Joe Mazza made the statements within two days of the shooting and prior to his arrest in California and subsequent negotiations with the police. He made the statement to his father and mother-in-law, to whom he had no reason to lie. Moreover, the statements were consistent with Joe Mazza's trial testimony that Berry shot the victim while they were attempting to buy cocaine from him. During cross-examination of Joe Mazza, Berry's defense attorney brought out the following: 1) Joe Mazza had agreed to testify so that "no charges about the murder would be brought against him"; 2) Joe Mazza had charges unrelated to the present case pending in Nevada; 3) some of these charges were being dismissed and other charges may be dismissed as well; 4) Joe Mazza was an ex-felon, used drugs, and had stolen a gun from a pawn shop. Under the circumstances, we conclude that the evidence was properly admissible as a prior consistent statement used to rebut a clear implication by the defense that Joe Mazza's testimony was the result of an improper influence or motive to testify. Thus, the admission of Frank Mazza and Janet Cole's testimony did not infect the proceedings so as to render Berry's trial fundamentally unfair in violation of his constitutional rights.
 
 
 13
 Finally, Berry argues he was denied due process when the trial court denied his requested jury instruction on accomplice testimony. Berry contends the proposed jury instruction on accomplices' testimony should have been given because Joe and Michelle Mazza were accomplices of Berry and their testimony was, therefore, inherently unreliable.
 
 
 14
 Normally, a claim that challenges the correctness of a jury instruction under state law cannot reasonably be construed to allege a deprivation of federal rights. Van Pilon v. Reed, 799 F.2d 1332, 1342 (9th Cir.1986) (failure to give separate deadly weapon instruction did not render trial fundamentally unfair). "To prove a due process violation based on jury instructions, a habeas petitioner must show that the instruction by itself ... infected the entire trial...." Id.
 
 
 15
 Nevada law prohibits a conviction resulting solely from the testimony of an accomplice, unless such testimony "is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." Nev.Rev.Stat. § 175.291. An accomplice is one who is liable for prosecution for the identical offense charged against the defendant on trial and the cause in which the testimony of the accomplice is given. Nev.Rev.Stat. § 175.291(2). The Nevada Supreme Court has held that an accomplice may also be one who is culpably implicated in or unlawfully cooperated, aided, or abetted in the crime charged. Potter v. State, 619 P.2d 1222, 1223 (1980). Under Nevada law, however, it is the prosecution's characterization of the witness as an accomplice that is relevant. See Lopez v. State, 769 P.2d 1276, 1282-83 (Nev.1989) (Section 175.291 had no application when the State's position at trial was that the witness was not responsible for the victim's death and was not an accomplice in the commission of the crime.).
 
 
 16
 At trial, the State did not contend that the Mazzas had any culpability for the actual crime Berry was charged with and convicted of--murder. Rather, the State presented evidence at trial that indicated the Mazzas were unaware Berry had a gun the night of the shooting. Further, there was independent testimony presented at trial that it was a black person sitting in the passenger seat of the car who shot the victim and that there was a white person driving the car with a white person in the back seat. This testimony is consistent with the Mazzas' testimony that Joe was driving the car, Berry was in the front passenger's seat, and Michelle was in the back seat. In addition, the independent witness identified Berry at trial as having the same type of complexion as the person who reached his arm out of the front passenger window of the car and shot the victim. This independent corroboration was sufficient to satisfy the requirements of section 175.291, therefore, an accomplice instruction was not required. See Nev.Rev.Stat. § 175.291; see also Howard v. State, 729 P.2d 1341, 1344 (Nev.1986), cert. denied, 484 U.S. 872 (1987); State v. Hilbish, 97 P.2d 435, 438 (Nev.1940). We note, however, that the trial court gave a general instruction regarding the credibility of witnesses and their motives. See Howard, 729 P.2d at 1344. Consequently, under the circumstances of this case, there was no constitutional due process violation as a result of the trial court's refusal to give Berry's requested jury instruction on accomplice testimony.
 
 
 17
 The judgment of the district court denying Berry's habeas corpus petition is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We refrain from deciding whether the State violated Berry's Equal Protection rights under United States v. De Gross, 913 F.2d 1417 (9th Cir.1990) (rehearing en banc granted). Understandably, the issue was not raised in the district court because the DeGross case was not decided until after this appeal was fully briefed