An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE LUIS GONZALEZ-AYALA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65842

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of trafficking in a controlled substance and unlawful sale of a controlled substance. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

First, appellant contends that insufficient evidence supports his convictions "because the State did not establish a proper chain of custody." We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, Angela Mastyk testified that she was arrested for drug related crimes. In exchange for leniency in her case, Mastyk agreed to work with law enforcement and arranged to buy methamphetamine from her dealer, April Valencia. Valencia did not have the quantity of methamphetamine that Mastyk requested so she arranged for Mastyk to get the drugs from her supplier, the appellant. Mastyk was outfitted with a recording device and traveled to Valencia's home. After approximately

SUPREME COURT
OF
NEVAOA

(O) 1947A

14-40302

40 minutes, law enforcement officers observed appellant enter the home. According to Mastyk and Valencia, appellant gave a bagged substance to Valencia, who gave it to Mastyk. Mastyk gave the bag to Detective Randall LeBlanc, who booked it into evidence. Criminalist Diane Machen tested "samples submitted by the Washoe County Sherriff's Office associated with [appellant]," and determined the substance to be methamphetamine with a weight of 13.607 grams. Machen's report was admitted into evidence and shared the same case number as the documents relating to the surveillance of Valencia's home.

We conclude that the jury could reasonably infer from the evidence presented that appellant committed the charged crimes. *See* NRS 453.321(1); NRS 453.3385(1). Any gap in the chain of custody "goes to the weight of the evidence," *Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972), and "it is the jury's function, not that of the court, to assess the weight of the evidence," *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, appellant contends that the district court abused its discretion by rejecting his proposed instruction, which instructed jurors to carefully weigh the testimony of drug addict-informers. *See Champion v. State*, 87 Nev. 542, 543, 490 P.2d 1056, 1057 (1971). We disagree. *See King v. State*, 116 Nev. 349, 355, 998 P.2d 1172, 1176 (2000) (finding that the district court did not err by failing to give the addict-informer instruction where the State did not concede the addict-informer was unreliable and the jury was otherwise properly instructed). But even assuming that the district court abused its discretion, the error was harmless because the jury was instructed to consider Mastyk's and Valencia's character, biases, and "all other facts" when evaluating their

credibility. *See Allred v. State*, 120 Nev. 410, 415, 92 P.3d 1246, 1250 (2004) ("An error is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." (internal quotation marks omitted)). Moreover, Mastyk's and Valencia's drug habits and beneficial guilty plea agreements were thoroughly explored at trial. We conclude that no relief is warranted.

Third, appellant contends that his convictions violate double jeopardy. We disagree. Dual convictions do not violate double jeopardy if "each offense contains an element not contained in the other." *Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1278 (2012) (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993)). To prove trafficking based on a theory of possession, NRS 453.3385 required the State to demonstrate that appellant knowingly or intentionally possessed between 4 and 14 grams of methamphetamine, whereas NRS 453.321 required the State to demonstrate that he imported, transported, sold, exchanged, bartered, supplied, prescribed, dispensed, gave away, or administered methamphetamine in any amount. Because each offense included an element not contained in the other, we conclude that this claim lacks merit. *Cf. LaChance v. State*, 130 Nev. ___, ___, 29, 321 P.3d 919, 927 (2014) (explaining that simple possession is a lesser-included offense of possession for sale where the weight requirement is not an element of the crime but a sentencing consideration).

Fourth, appellant contends that the district court abused its discretion by denying his motions for an advisory instruction to acquit, *see* NRS 175.381(1), and to set aside the verdict, *see* NRS 175.381(2). We conclude that the district court did not abuse its discretion because

sufficient evidence was presented to sustain the convictions. *See Milton v. State*, 111 Nev. 1487, 1493, 908 P.2d 684, 688 (1995).

Fifth, appellant contends that reversal is warranted because the State failed to preserve a photographic lineup of individuals with his nickname, which was shown to Mastyk. We decline to consider this assertion because appellant merely objected below based upon the best evidence rule, *see Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008) (recognizing that, in order to properly preserve an objection, a defendant must object at trial on the same ground he or she asserts on appeal), and failed to develop an adequate record for appeal, *see generally Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998) (explaining the remedies a district court can give to a defendant who challenges the State's failure to preserve evidence at trial).

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc:    Hon. Lidia Stiglich, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

4