**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ARTURO CALDERON BOLANOS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65622



FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of first-degree murder with the use of a deadly weapon, three counts of attempted murder with the use of a deadly weapon, and two counts of battery with a deadly weapon. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

*Preliminary hearing testimony*

Appellant contends that the district court erred by granting the State's untimely motion to introduce his cousin John's preliminary hearing testimony. Testimony given during a preliminary hearing may be used at trial if (1) the defendant was represented by counsel at the preliminary hearing, (2) counsel cross-examined the witness, and (3) the witness is shown to be unavailable at the time of trial. *Hernandez v. State*, 124 Nev. 639, 645, 188 P.3d 1126, 1130 (2008). NRS 174.125 requires a party to move to admit preliminary hearing testimony at least 15 days before trial, unless good cause is shown. *Id.* To demonstrate good cause, the State must show that it made reasonable efforts to procure the witness' attendance before the statute's deadline expired. *Hernandez*, 124 Nev. at 648, 188 P.3d at 1133.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-36012

Five days before trial, the State requested permission to admit John's preliminary hearing testimony, explaining that it had good cause to excuse the tardy filing because the defense had agreed to assist the State in serving John, but failed to follow through. The defense argued that it offered to help the State but never promised that it would, or could, ensure that John would be served. After taking into consideration an email exchange between the prosecutor and defense counsel, as well as argument from both individuals regarding their oral conversations, the district court concluded that the State's belief that the defense would assist them in serving John constituted good cause to excuse the untimely filing. Giving deference to the district court's factual findings, *id.* at 647, 188 P.3d at 1132, we conclude that any statements made by the defense did not create a situation in which the State could reasonably rely solely on the defense to ensure that John would be served. The State knew that John was uncooperative and the vague arrangement surrounding the issue does not satisfy the good cause requirement. *See id.* at 650, 188 P.3d at 1134 (explaining that good cause "must be determined upon considering the totality of the circumstances"). However, we conclude that this error was harmless. *See id.* at 652-53, 188 P.3d at 1135-36. John's testimony was more exculpatory than incriminating, and considering the substantial evidence against appellant, admitting John's statement did not influence the verdict.

*Appellant's statements to law enforcement*

Appellant contends that the district court erred by admitting his statements to law enforcement because he was subjected to a custodial interrogation without the protections afforded by *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* requires that any interrogation of a suspect in

SUPREME COURT
OF
NEVADA

(O) 1947A

custody "be preceded by advice to the putative defendant that he has the right to remain silent and also the right to the presence of an attorney." *Edwards v. Arizona*, 451 U.S. 477, 481-82 (1981) (citing *Miranda*, 384 U.S. at 479). An individual is in custody for *Miranda* purposes if a reasonable person in his position would not feel like he is free to terminate the conversation. *Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005) (identifying the relevant factors for determining whether a suspect is in custody). We review a district court's custody determination de novo. *Id.* at 190, 111 P.3d at 694.

Having considered the factors identified in *Rosky*, we conclude that the district court erred.[1] Law enforcement detained appellant at gunpoint, handcuffed him, and escorted him to the police station. Although appellant identified himself as a victim thereafter, and his questioning was mostly consistent with that narrative, the initial show of force used by law enforcement was substantial. Thus, while some of the *Rosky* factors weigh in favor of the State, that initial show of force, along with other indicia of arrest, outweigh any countervailing considerations. We conclude that a reasonable person in appellant's position would not have felt free to terminate questioning and leave. However, we also conclude that any error in the admission of his testimony was harmless. Appellant did not directly confess, and considering the substantial evidence against him, admitting his statement did not influence the verdict.

---

[1]Because these statements were inappropriately admitted, we need not address whether appellant invoked his right to counsel.

*Gang membership*

Appellant contends that the district court abused its discretion by admitting evidence of his gang membership. In order for gang membership to be admissible, the district court must determine that (1) the gang membership is relevant and is offered for a non-propensity purpose, (2) the gang membership is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Tinch v. State*, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997), *holding modified by Bigpond v. State*, 128 Nev., Adv. Op. 10, 270 P.3d 1244 (2012). Here, the district court was presented with substantial evidence that appellant was associated with a gang and that gang affiliation was a precursor to the shooting. This evidence was not presented to show that appellant had a propensity for violence, but to provide a motive for the shooting. *See Lay v. State*, 110 Nev. 1189, 1196, 886 P.2d 448, 452 (1994). Appellant fails to demonstrate that the district court abused its discretion by admitting this evidence. *See Bigpond*, 270 P.3d at 1250 (reviewing a district court's decision to admit evidence for an abuse of discretion).

*Evidence of bias*

Appellant contends that the district court abused its discretion by prohibiting him from presenting extrinsic evidence which would have established that one of the witnesses against him was biased. Below, appellant explained that the witness promised to "get" him because she believed members of his family participated in an unrelated prosecution against her brother. The district court permitted the defense to question the witness and appellant's sister about the issue but refused to let appellant elicit that the witness made similar threats against another

person. Appellant fails to demonstrate that the district court abused its discretion because the latter inquiry was not relevant to whether the witness harbored a bias against him. *See Lobato v. State*, 120 Nev. 512, 520, 96 P.3d 765, 771 (2004).

*Firearm evidence*

Appellant contends that the district court erred by permitting the State to introduce evidence regarding an assault rifle. Prior to trial, the defense sought to exclude (1) evidence that appellant purchased an assault rifle, (2) pictures of appellant holding an assault rifle, and (3) the testimony of David Hudson, who claimed he found an assault rifle in an empty lot. Appellant asserted that the evidence was irrelevant because the State was unable to prove that the rifle was the one used in the crime, and was therefore being used as propensity evidence. The district court allowed the State to introduce the photographs of appellant and Hudson's testimony. We conclude that the district court did not abuse its discretion because the evidence was relevant and was not substantially more unfairly prejudicial than probative. *See* NRS 48.015; NRS 48.025; NRS 48.035; *see also Castillo v. State*, 114 Nev. 271, 277, 956 P.2d 103, 107-08 (1998) ("District courts are vested with considerable discretion in determining the relevance and admissibility of evidence.").

*Jury instruction*

Appellant contends that the district court abused its discretion by denying his request for a "distrust" or "addict/informer" instruction regarding Hudson's testimony. *See Champion v. State*, 87 Nev. 542, 544, 490 P.2d 1056, 1057 (1971). However, below appellant requested an instruction stating that the jury should carefully examine someone who expects to receive a benefit in exchange for his trial testimony. That

instruction was inapplicable because appellant did not demonstrate that Hudson expected to receive a benefit for his trial testimony. Appellant did not request the instruction he discusses on appeal and fails to demonstrate that the district court committed plain error, *see King v. State*, 116 Nev. 349, 355, 998 P.2d 1172, 1176 (2000) (distinguishing *Champion*), particularly given the overwhelming evidence and the other credibility instructions given at trial.

*Cumulative error*

Appellant contends that cumulative error entitles him to relief. Considering the relevant factors, *see Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008), we conclude that no relief is warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Lidia Stiglich, District Judge
       Richard F. Cornell
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk