IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMUEL HOWARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73223

FILED

SEP 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on October 5, 2016, more than thirty years after the remittitur issued on appeal from the judgment of conviction. *See Howard v. State*, 102 Nev. 572, 729 P.2d 1341 (1986). The petition was therefore untimely filed. *See* NRS 34.726(1). Moreover, appellant acknowledges that he previously sought postconviction relief. The petition was therefore successive to the extent it raised claims that were previously litigated and resolved on their merits, and it constituted an abuse of the writ to the extent it raised new claims that could have been raised earlier. *See* NRS 34.810(2). Accordingly, the petition was procedurally barred absent a demonstration of good cause and actual prejudice, NRS 34.726(1); NRS 34.810(3), or a showing that the procedural bars should be excused to prevent a fundamental miscarriage of justice, *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

---

[1]There are multiple pending motions in this case, filed by both parties, requesting that this court strike documents filed by the other party and/or rebuke the other party's attorney. We decline to take action on those motions. We do, however, remind counsel for both parties that using this court as a forum for airing personal and/or professional grievances is highly inappropriate. We caution counsel that similar conduct in the future may result in the imposition of sanctions.

19- 39317

Appellant argues that he demonstrated good cause and prejudice sufficient to excuse the procedural bars because *Hurst v. Florida*, 136 S. Ct. 616 (2016), set forth a new retroactive rule that prohibits the reweighing of aggravating and mitigating circumstances when an aggravating circumstance is stricken by a reviewing court. We disagree. *See Castillo v. State*, 135 Nev., Adv. Op. 16, 442 P.3d 558 (2019) (rejecting the argument that *Hurst* announced new law regarding appellate reweighing).

Appellant also argues that the district court abused its discretion by denying his motion for leave to amend his petition to add an additional claim based on *Hurst*. We disagree. *See* NRS 34.750(5); *State v. Powell*, 122 Nev. 751, 758, 138 P.3d 453, 458 (2006) (recognizing that district courts are vested with broad discretion regarding supplemental pleadings in postconviction cases). We note that appellant concedes the merits of this claim are tied to his interpretation of *Hurst*, which we have rejected.

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

 

cc: Hon. Michael Villani, District Judge
Federal Defender Services of Idaho
Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk