NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL HOWARD, | No. 10-99003 |
| Petitioner-Appellant, | D.C. No. 2:93-cv-01209-LRH-LRL |
| v. | |
| RENEE BAKER, Warden, Director of Nevada Department of Corrections, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted January 9, 2023
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Samuel Howard appeals from the district court's denial of his pre-Antiterrorism and Effective Death Penalty Act habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291, 2253, and we affirm. We decline Howard's request to expand the certificate of appealability ("COA").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      The district court rejected, but certified for appeal, Howard's claim that his lack of communication with and distrust in his attorneys from the public defender's office amounted to a constructive denial of counsel based on an irreconcilable conflict.  In rejecting Howard's claim, the district court found that the alleged conflict "was one of Howard's own making" and that Howard's "refusal to cooperate with counsel was unreasonable."[1]  These findings were not clearly erroneous given the record.  *See Crittenden v. Chappell*, 804 F.3d 998, 1006 (9th Cir. 2015).

Howard's refusal to cooperate with counsel began before most of the facts giving rise to the alleged distrust occurred.  Howard's counsel complied with the court's orders that prohibited any attorneys in the public defender's office with personal conflicts to be involved in the case.  And the record supports that Howard selectively chose when to cooperate with his counsel.  Based on these circumstances, the district court could reasonably conclude that Howard manufactured the alleged conflict.

---

[1] We also note that the Nevada Supreme Court stated that the facts did not "objectively justify Howard's distrust of his attorney." *Howard v. State*, 729 P.2d 1341, 1342 (Nev. 1986) (per curiam).  Howard argues that such statement was not a factual finding subject to deference. *See Burton v. Davis*, 816 F.3d 1132, 1140 & n.4 (9th Cir. 2016).  We need not decide whether the Nevada Supreme Court's statement was a factual finding given the district court's clear factual findings.

Because the district court reasonably found that the alleged conflict was of Howard's own making, Howard was not constructively denied counsel. *Daniels v. Woodford*, 428 F.3d 1181, 1197–98 (9th Cir. 2005). Instead, the dispositive question is: "Did counsel provide constitutionally adequate counsel according to the standards established in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]?" *Michaels v. Davis*, 51 F.4th 904, 939 (9th Cir. 2022). As Howard makes no argument that his attorneys were constitutionally inadequate, we affirm the district court's denial of this claim.

2. The district court also rejected, but certified for appeal, Howard's claim that his trial counsel was ineffective for failing to object to the premeditation instruction, which failed to define deliberation as a distinct element of first-degree murder.[2] Howard's claim fails because, even assuming this was an error on counsel's part, Howard cannot show the required *Strickland* prejudice: "that there is a reasonable probability that, but for [the error], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

---

[2] The precise issue before the district court was whether *Martinez v. Ryan*, 566 U.S. 1 (2012), excused the procedural default of this trial-level ineffective assistance claim. Instead of conducting a strict *Martinez* analysis, the district court determined that the ineffective assistance claim failed on the merits under *Strickland*. Because we agree, and because a successful *Martinez* claim requires a showing of a reasonable probability that the ineffective assistance claim would have succeeded under *Strickland*, Howard necessarily cannot satisfy *Martinez*. *See Runningeagle v. Ryan*, 825 F.3d 970, 982–83 (9th Cir. 2016).

There is no reasonable probability that the result would have been different had the court provided a separate deliberation instruction, as the record makes clear that the jury convicted Howard under the alternative felony murder theory. *See Riley v. McDaniel*, 786 F.3d 719, 726 (9th Cir. 2015) (an instructional error can be considered harmless if the court is "reasonably certain that the jury *did* convict him based on the valid felony murder theory" (cleaned up) (quoting *Babb v. Lozowsky*, 719 F.3d 1019, 1035 (9th Cir. 2013), *overruled on other grounds by White v. Woodall*, 572 U.S. 415, 421 (2014))).

The evidence that Howard killed the victim during a robbery was overwhelming. Indeed, it was so strong that the prosecutor focused almost exclusively on the felony murder theory during closing. The jury also returned a special verdict during the penalty phase that found the "murder was committed while the defendant was engaged in the commission of any robbery."[3] Given the record, we are reasonably certain that the jury convicted Howard under the felony murder theory. Thus, Howard's ineffective assistance claim fails for lack of prejudice.

---

[3] Although the Nevada Supreme Court held that this finding could not be used as an aggravating circumstance supporting Howard's death sentence, *see Howard v. State*, No. 57469, 2014 WL 3784121, at *6 (Nev. July 30, 2014), it still supports that the jury convicted him under the felony murder theory. The Nevada Supreme Court has since vacated Howard's death sentence. *See Howard v. State*, 495 P.3d 88 (Nev. 2021).

3.     Howard seeks to expand the COA to include two uncertified issues: (1) whether the premeditation instruction was unconstitutional; and (2) whether *Martinez* excuses the procedural default of his claim that counsel was ineffective for failing to challenge Howard's competency to stand trial. *See* 9th Cir. R. 22-1(e).

As to the first uncertified issue, the district court determined in 2008 that the claim was procedurally barred from review. Even so, Howard contends that we can consider the merits of the claim because the Nevada Supreme Court addressed the merits in an intervening 2014 decision. *See Howard*, 2014 WL 3784121. We disagree. Even were we to construe part of the Nevada Supreme Court's decision as a merits determination, the court separately determined that the claim was barred under state procedural rules. *Id.* at *1–2. For that reason, we are barred from considering the claim. *See Loveland v. Hatcher*, 231 F.3d 640, 643–44 (9th Cir. 2000).

We also decline to expand the COA to include the second uncertified issue. As the district court correctly determined, even if counsel erred by failing to challenge Howard's competency, Howard cannot establish the requisite *Strickland* prejudice. No reasonable jurist would find that conclusion debatable given Howard's failure to produce any persuasive evidence that he would have been

5

found incompetent to stand trial. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AFFIRMED.**