## EUGENE CARMEN HILL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12980

June 25, 1982                                                   647 P.2d 370

*William N. Dunseath,* Public Defender, and *Jane G. McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn* and *Bruce Laxalt,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Appellant has appealed from a judgment of conviction of second degree murder following a jury verdict. He contends that the trial court erred by refusing to instruct the jury that an honest, but unreasonable belief in the need for self-defense reduces the degree of the offense from murder to manslaughter. He also contends that reversible error occurred when the trial court refused to instruct the jury that the prosecution has the burden of proving that the defendant did not act in self-defense. We reject both contentions and affirm the conviction.

Appellant was convicted of second degree murder for the January 14, 1980, fatal stabbing of David Wayne Palmer in a pool hall and bar in Reno. At trial, Hill based his defense largely on a theory of self-defense. There was testimony, much of it from Hill himself, indicating that Palmer and his friends had verbally threatened Hill and that Palmer had brandished a pool cue at him. Other testimony from several eyewitnesses contradicted Hill's theory of self-defense and suggested that Hill, who was intoxicated at the time, was the perpetrator of and aggressor in the ensuing fight. No one witnessed the actual stabbing, but when the fight ended, Palmer collapsed, mortally wounded, and died shortly thereafter from a stab wound to the chest.

The trial judge instructed the jury on the elements of murder, manslaughter and self-defense. *See* NRS 200.010, 200.120, 200.130.

NRS 200.120 and 200.130 require that in order for homicide to be justified, the defendant's belief in the necessity of using force in self-defense must be reasonable. Appellant urges us to adopt the rule espoused in People v. Flannel, 603 P.2d 1 (Cal. 1980). The California Supreme Court held that if a defendant entertained an honest, but unreasonable, belief in the necessity of self-defense, at most he could be convicted only of manslaughter, since such a belief is inconsistent with and negates malice, an element of murder.

We reject this "imperfect self-defense" theory because, unlike California's statutory scheme, NRS 200.040 and NRS 200.050 provide an express restriction on the situations giving rise to voluntary manslaughter.[1] As the Arizona Supreme Court stated in State v. Tuzon, 575 P.2d 1231, 1235 (Ariz. 1978) (interpreting A.R.S. § 13-462):

> [a] plea of self-defense . . . only seeks to justify a homicide. If the jury had found that it was unreasonable for the appellant to believe that the victim was shooting at him, then the homicide simply was not justified. The standard is a reasonable person's belief, not the unreasonable, even if honest, belief of the accused. [Citation omitted.]

Finally, the trial court did not commit reversible error by refusing to instruct the jury that the prosecution has the burden of proving that the defendant did not act in self-defense. Without doubt, the burden of proving absence of justification or excuse for the homicide resides with the state. See St. Pierre v. State, 96 Nev. 887, 620 P.2d 1240 (1980), and Kelso v. State, 95 Nev. 37, 588 P.2d 1035, cert. denied, 442 U.S. 921 (1979). It is preferable that the jury be specifically instructed as to the state's burden of proof on a defendant's affirmative defense. However, the trial court gave numerous instructions, which taken as a whole, adequately informed the jury that the prosecution's burden of proof applied to defendant's affirmative defense. See People v. Travis, 558 P.2d 579 (Colo. 1976). The instant case is readily distinguishable from St. Pierre and Kelso, supra, in which a given instruction impermissibly placed the burden of proving self-defense squarely on the defendant.

We affirm appellant's conviction.

---

[1]NRS 200.040 provides:

> Manslaughter is the unlawful killing of a human being, without malice express or implied, and without any mixture of deliberation. It must be voluntary, upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible; or, involuntary, in the commission of an unlawful act, or a lawful act without due caution or circumspection.

NRS 200.050 provides:

> In cases of voluntary manslaughter, there must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing.