OPINION
 

 Per Curiam:
 

 On the evening of June 24, 1990, appellant (“Barone”) shot a Las Vegas nightclub bouncer (“Blaydes”) in the leg with a .25 caliber pistol. Barone was convicted of battery with the use of a deadly weapon. Barone appeals, claiming,
 
 inter alia,
 
 that the trial court denied him a fair trial by refusing his proposed jury instruction, thereby shifting the burden of proving self-defense or defense of others to Barone. We agree.
 

 The district court heard conflicting testimony regarding the events leading up to the shooting. Barone claims that he was
 
 *779
 
 acting in self-defense and in defense of his brother and friend. Barone testified that on the night of the shooting, he was in his car outside of the club conversing with a young woman when he saw the club’s owner (“Barragan”) shoving his brother out of the club. He also observed Blaydes pushing his friend. People were surrounding the two men, and Barone feared for their safety. Barone then took the .25 automatic pistol from the console of his car and ran to the curb area by his brother and friend. His friend screamed out that someone was trying to stab him. Barone consequently became nervous and told everyone to “back off” and leave them alone. Barone then fired a few shots in the air, hoping to scare away the crowd. However, the crowd kept coming toward them. When Barone saw Blaydes reach into his jacket pocket and heard someone say words to the effect of “He’s got a gun,” he feared the three men would be killed. He therefore shot Blaydes in the leg.
 

 The State’s witnesses presented a different picture. Barragan and Blaydes stated that Barone’s brother and Barone’s friend were causing trouble at the bar. When Barragan asked them to leave, Barone interjected himself into the argument. Barragan, Blaydes and another bouncer escorted the friend and brother off the property and onto the adjacent public sidewalk. Barone approached them and handed a gun to his brother, a boot knife to the friend, and kept a semi-automatic .25 caliber handgun for himself. Barone then raised his .25 caliber handgun, pointed it at Barragan and pulled the trigger, but the gun failed to discharge. Blaydes then stepped directly into Barone’s line of fire and told Barone and the two men to “just go home and maybe we can solve this by phone tomorrow.” Barone responded, “You f.. with the wrong guys. You’re all dead now,” and discharged a round into Blaydes’ hip. Barone, his brother and his friend ran to their car and left the nightclub.
 

 At trial, Barone proposed the following instruction to the court:
 

 If evidence of self-defense is present, the State must prove beyond a reasonable doubt that the defendant did not act in self-defense. If you find that the State has failed to prove beyond a reasonable doubt that the defendant did not act in self-defense, you must find the defendant not guilty. In other words, if you have a reasonable doubt whether or not the defendant acted in self-defense, your verdict must be not guilty.
 

 The trial court rejected the instruction reasoning that the jury was properly informed of the State’s burden through Jury Instruction No. 5. Jury Instruction No. 5 states:
 

 
 *780
 
 The defendant is presumed innocent until the contrary is proved. This presumption places upon the State the burden of proving beyond a reasonable doubt every material element of the crime charged and that the defendant is the person who committed the offense. [The instruction then proceeds to define reasonable doubt] ... If you have a reasonable doubt as to the guilt of the defendant, he is entitled to a verdict of not guilty.
 

 Barone contends that the trial court committed reversible error by denying Barone’s proposed jury instruction because the denial shifted the burden of proof on the issue of self-defense or defense of others to the defendant.
 

 The prosecution bears the burden of proving all elements of the offense charged.
 
 See, e.g.,
 
 Patterson v. New York, 432 U.S. 197, 210 (1977); Leland v. Oregon, 343 U.S. 790, 795 (1952). Without a specific instruction such as that proffered by Barone, the jury might be led to believe that Barone had the burden of proving self-defense. Requiring Barone to prove that he acted in self-defense would violate his right to due process by shifting the burden to the defendant of disproving an element of the charged offense. One of the elements incumbent upon the State to prove under NRS 200.481, battery with the use of a deadly weapon, is that the defendant acted unlawfully. Because self-defense is justifiable, it negates the unlawfulness element. St. Pierre v. State, 96 Nev. 887, 620 P.2d 1240 (1980); Kelso v. State, 95 Nev. 37, 588 P.2d 1035 (1979). In
 
 St. Pierre,
 
 this court held that when self-defense disproves a fact essential to the offense, shifting the burden to the defendant ‘“dilutes the State’s own due process burden of proving, beyond a reasonable doubt, every element of the crime charged.’”
 
 Id.
 
 at 891, 620 P.2d at 1242, (quoting
 
 Kelso, 95
 
 Nev. at 41, 588 P.2d at 1038).
 

 Moreover, in Hill v. State, 98 Nev. 295, 647 P.2d 370 (1982), this court held that the burden of proving absence of justification or excuse for homicide resides with the State. In
 
 Hill,
 
 the defendant appealed from a judgment of conviction of second degree murder following a jury verdict. He argued that the trial court erred by refusing to instruct the jury that the prosecution has the burden of proving that the defendant did not act in self-defense. This court stated that while “it is preferable that the jury be specifically instructed as to the state’s burden of proof on a defendant’s affirmative defense,” the trial court did not commit reversible error since it “gave numerous instructions, which taken as a whole, adequately informed the jury that the prosecution’s burden of proof applied to defendant’s affirmative defense.”
 
 Id.
 
 at 297, 647 P.2d at 371.
 

 
 *781
 
 In the instant case, the only jury instructions addressing the burden of proof were Instruction No. 5,
 
 supra,
 
 and No. 6, which states in pertinent part, “So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of the defendant, you should so find . . . .” These instructions did not adequately inform the jury that the State was required to prove beyond a reasonable doubt that Barone did not act in self-defense or defense of others.
 

 The State maintains that the establishment of an affirmative defense of self-defense negates the necessary element of intent in a battery charge and that by demonstrating intent, the prosecution established beyond a reasonable doubt that Barone did not act in self-defense. This argument lacks merit. Since Barone readily admitted that he intended to shoot Blaydes in the leg, whether the shooting was intentional was not at issue in this case. The only issue was whether self-defense or defense of others justified Barone’s intentional shooting of Blaydes. When warranted by the evidence, the State’s burden extends to showing the absence of self-defense or defense of others beyond a reasonable doubt. Barone was therefore entitled to an instruction sufficiently specific to apprise the jury of this burden.
 

 The State further asserts that if any errors occurred, they constituted harmless error. We disagree. The chief issue before the jury was whether Barone’s act of shooting Blaydes was justified by self-defense. The district court failed to properly instruct the jury on the State’s burden of proof on this issue, thereby denying Barone’s due process right of requiring the State to shoulder its burden of “proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 U.S. 358, 364 (1970). The district court’s rejection of Barone’s proposed jury instruction cannot be considered harmless error.
 

 We have carefully considered the other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this matter. We reverse the judgment of conviction by the Eighth Judicial District Court and remand for a new trial.