An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY JAMES SCHONER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66946

FILED

NOV 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of assault with a deadly weapon. Second Judicial District Court, Washoe County; Noel E. Manoukian, Judge.

The jury found appellant Anthony James Schoner guilty of assault with a deadly weapon for pointing a gun at repossession agent Brian Turley, while Turley attempted to repossess Schoner's truck. On appeal, Schoner contends that this court should reverse his judgment of conviction because (1) the district court abused its discretion in rejecting six of his proposed jury instructions, and (2) the district court committed cumulative error.

We conclude that the district court did not abuse its discretion in rejecting six of Schoner's proposed jury instructions. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (stating that this court reviews a district court's decision regarding jury instructions for an abuse of discretion). First, the district court did not abuse its discretion in rejecting Schoner's proposed breach of the peace jury instruction because Schoner failed to provide support for the conclusion that he was privileged to commit assault with a deadly weapon once Turley allegedly commercially breached the peace. *See* NRS 104.9609 (while NRS 104.9609

prohibits a repossesor's agent from breaching the peace, it does not permit a property owner to use deadly force when the peace is breached); *see also Com. v. Alexander*, 531 S.E.2d 567, 568 (Va. 2000) ("Even if [the repossession agent's] actions were unwarranted or illegal, the defendant, as an owner of personal property, did not have the right to assert or defend his possessory rights thereto by the use of deadly force.").

Second, the district court did not abuse its discretion when it rejected Schoner's proposed defense of property jury instruction because Schoner's lone citation in support of this instruction, *Davis v. State*, 130 Nev., Adv. Op. 16, 321 P.3d 867 (2014), does not support it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n. 38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority). Specifically, Schoner argued that the district court abused its discretion in rejecting this instruction because the instruction accurately restated the law and was appropriately tailored under *Davis*. However, Davis stands for the proposition that a self-defense jury instruction should be provided in a battery case—a proposition wholly inapplicable to Schoner's proposed defense of property jury instruction.

Third, the district court did not abuse its discretion when it rejected Schoner's proposed jury instruction regarding the ejection of trespassers because, again, Schoner failed to support the legal accuracy of the instruction with any law. *Id.*

Fourth, the district court did not abuse its discretion in rejecting Schoner's proposed jury instruction regarding the burden to disprove because his proposed instruction is based upon a misreading of *Barone v. State*, 109 Nev. 778, 780-81, 858 P.2d 27, 28-29 (1993). Schoner

argues that *Barone* supports the proposition that the State must always prove beyond a reasonable doubt that a defendant acted without justification, but *Barone* states that if a defendant claims self-defense, the State must prove beyond a reasonable doubt that the defendant's actions were not justified by self-defense. 109 Nev. at 781, 858 P.2d at 29. Because Schoner did not argue self-defense, *Barone* does not support this proposed jury instruction.

Fifth, the district court did not abuse its discretion when it rejected Schoner's proposed mistake-of-fact jury instruction because Schoner's proposed instruction was substantially covered by jury instructions 25 and 27. *See Davis*, 130 Nev., Adv. Op. 16, 321 P.3d at 874 (stating that the district court "may refuse a jury instruction on the defendant's theory of the case which is *substantially covered* by other instructions" (emphasis added)).

Finally, the district court did not abuse its discretion in rejecting Schoner's proposed stand-your-ground instruction because its contents were substantially covered by jury instruction 24. *Id.* (stating that the district court "may refuse a jury instruction on the defendant's theory of the case which is *substantially covered* by other instructions" (emphasis added)).

Next, we conclude that cumulative error does not warrant reversal in this case. First, the district court did not abuse its discretion when it denied the admittance of the contested photographs for untimeliness. Here, Schoner untimely sought to admit the photos and the applicable statute grants the district court wide discretion. *See Chavez v. State*, 125 Nev. 328, 344, 213 P.3d 476, 487 (2009) (stating that this court reviews a district court's evidentiary rulings for an abuse of discretion); *see*

*also* NRS 174.295(2) ("If . . . a party has failed to comply with the provisions of NRS 174.234 to 174.295, inclusive, the court may . . . prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems just under the circumstances").

Second, the State did not commit misconduct during closing arguments that rises to the level of plain error. Here, Schoner contends that the following constituted prosecutorial misconduct: (1) an un-objected to statement urging the jury to find Schoner guilty because it is the "right thing to do;" (2) an un-objected to summary of Schoner's girlfriend's testimony; (3) an un-objected to statement asserting that one witness flew in from Las Vegas to testify; (4) the statement "the second [Turley] turns around and sees a gun in his face, the crime of assault with a deadly weapon is committed right there," to which Schoner objected; and (5) the State's reliance on jury instruction 24 to discuss justification, to which Schoner objected. Regarding the three claims to which Schoner failed to object, we disagree because the conduct did not "(1) [have] a prejudicial impact on the verdict when viewed in context of the trial as a whole, or (2) seriously affect[ ] the integrity or public reputation of the judicial proceedings." *Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (internal quotations omitted). Regarding the two claims to which Schoner objected, we disagree because the State did not engage in improper conduct by simply arguing its theory of the case and the jury instructions. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (stating that prosecutorial misconduct requires the prosecutor to engage in

improper conduct, and for that improper conduct to warrant reversal).[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Second Judicial District Court
       Hon. Noel E. Manoukian, Senior Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.