# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JAQUENETTA NAOMI PRICE,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 72750 |

FILED

SEP 2 7 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with the use of a deadly weapon resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Jaquenetta Price was a dancer at Sapphire Gentleman's Club in Las Vegas where she and fellow dancer Dominique Alfaro got into a dispute over a potential client. When Alfaro placed her hand on Price's back to push past her in the crowded club, Price responded by striking Alfaro in the face with a "rocks glass" and beating Alfaro to the ground until the two women were separated by club patrons. Price argues that her conviction should be reversed because (1) the district court abused its discretion in excluding evidence of her state of mind during the fight, (2) there was insufficient evidence to convict her of battery because she acted in justifiable self-defense, (3) there was insufficient evidence to find that she used a deadly weapon, (4) she was prejudiced by the police's failure to collect physical evidence, and (5) cumulative error warrants reversal.

*The district court properly excluded Price's state-of-mind evidence*

During Price's direct examination, counsel attempted to inquire into her state of mind during the fight by trying to question Price about her

18-37864

prior experiences as a previous victim of violent crime. The district court sustained the State's objection on the ground that Price's state of mind was more prejudicial than probative because self-defense is evaluated under an objective reasonably prudent person standard.

Price argues that the district court improperly precluded her from testifying as to her state of mind during the fight because such evidence was admissible under *Daniel v. State*, 119 Nev. 498, 78 P.3d 890 (2003), to support her self-defense claim, and that her prior history as a victim of violent crime would have shown why she reacted in a way that might seem unreasonable to the average person who has never been victimized before.

"This court overturns a district court's decision to admit or exclude evidence only in the case of abuse of discretion." *Id.* at 513, 78 P.3d at 900-01. A person has the right to act in self-defense when he or she

> *actually and reasonably* believes:
>
> 1. That there is imminent danger that the assailant will either kill him or cause him great bodily injury; and
>
> 2. That it is absolutely necessary under the circumstances for him to use in self-defense force or means that might cause the death of the other person, for the purpose of avoiding death or great bodily injury to himself.

*Runion v. State*, 116 Nev. 1041, 1051, 13 P.3d 52, 59 (2000) (emphasis added). Self-defense is justifiable when "the circumstances were sufficient to excite the fears of a reasonable person." *Davis v. State*, 130 Nev. 136, 143, 321 P.3d 867, 872 (2014) (internal quotation marks omitted).

Price's reliance on *Daniel* is misplaced. Under *Daniel*, evidence of a defendant's state of mind in a self-defense claim is admissible only to prove a defendant's knowledge of the victim's propensity for violence. 119

Nev. at 515, 78 P.3d at 902 ("[E]vidence of specific acts showing that the victim was a violent person is admissible if a defendant seeks to establish self-defense *and was aware of those acts*."). Here, Price was not attempting to show knowledge of any prior violence committed by Alfaro; rather, Price sought to show that her previous experience as a victim of violent crime justified her violent response to Alfaro's actions.

Relying on *Boykins v. State*, 116 Nev. 171, 995 P.2d 474 (2000), Price further argues that because she asserted self-defense, evidence of her being a previous victim of violence should have been admissible in considering whether she perceived she was in imminent danger. However, *Boykins* is distinguishable because it involved domestic violence where the defendant "asserted self-defense and claimed that she suffered from battered woman syndrome." *Id.* at 172, 995 P.2d at 475. The defendant sought to have the jury instructed on her theory of the case, but the district court failed to properly instruct the jury. *Id.* at 177-78, 995 P.2d at 478-79. We held that the jury should have been permitted to consider whether the defendant was suffering from "battered woman syndrome" and "the reasonableness of her belief that she was about to suffer imminent death or great bodily harm and the need to slay an aggressor." *Id.* at 178, 995 P.2d at 479. Unlike the defendant in *Boykins*, Price was not seeking to introduce evidence that Alfaro had a history of battering her.

Thus, we conclude that the district court did not abuse its discretion in excluding evidence of Price's state of mind at the time of her altercation with Alfaro.

*Sufficient evidence supports Price's battery conviction*

Price argues that her battery conviction is not supported by sufficient evidence because she engaged in lawful self-defense. Price contends that because it is undisputed that Alfaro initiated the physical

SUPREME COURT
OF
NEVADA

(O) 1947A

contact, the jury could not have found her self-defense to be unlawful. We disagree.

In determining the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Rose v. State*, 123 Nev. 194, 202, 163 P.3d 408, 414 (2007) (internal quotation marks omitted). Battery is "any willful and unlawful use of force or violence upon the person of another." NRS 200.481(1)(a). However, where a battery is committed in justifiable self-defense, "it negates the unlawfulness element" of the crime. *Barone v. State*, 109 Nev. 778, 780, 858 P.2d 27, 28 (1993). But "the amount of force used in a battery must also be reasonable and necessary in order to be justified." *Newell v. State*, 131 Nev. 974, 980, 364 P.3d 602, 605 (2015).

"[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *Rose*, 123 Nev. at 202-03, 163 P.3d at 414 (alteration in original) (internal quotation marks omitted). The State presented video evidence of the brawl between Price and Alfaro. Although Alfaro can be seen touching/pushing Price's back, which Price characterized as a "hard push" accompanied by "a slight kick," we conclude that a rational jury could have found that Price's violent response was not "reasonable and necessary" under the circumstances. *Id.*

*There was sufficient evidence to show that Price used a deadly weapon*

Although Price concedes that a rocks glass may fit the definition of a deadly weapon under *Rodriguez v. State*, 133 Nev., Adv. Op. 110, 407 P.3d 771, 774 (2017), she argues that the State failed to sufficiently prove that a rocks glass was actually used in the battery. Specifically, Price argues that neither Alfaro nor Meagan Borkman, a cocktail waitress at

Supreme Court
of
Nevada

(O) 1947A

4

Sapphire and a witness for the State, testified that they actually saw Price holding a rocks glass.

We have recently held that district courts may apply the "functional" test in determining whether an object used to commit a battery under NRS 200.481 is a deadly weapon. *Id.* at 774 ("[T]he Legislature intended 'deadly weapon' within NRS 200.481(2)(e) to be interpreted broadly, according to both the functional definition and the inherently dangerous definition."). Under the functional definition, "a deadly weapon includes any instrument . . . which, under the circumstances in which it is used . . . is readily capable of causing substantial bodily harm or death." *Id.* at 772 (internal quotation marks omitted).

Despite Price's mischaracterization, Alfaro testified that she saw Price holding a rocks glass at the time of the battery and that she is certain she was struck by the glass. Additionally, there was circumstantial evidence presented that Price struck Alfaro with a rocks glass. Borkman testified that, although she did not witness the initial strike, when she approached Alfaro, who was laying on the ground, she observed large and small pieces of a broken glass. A patron who helped break up the fight testified that he did not see the start of the brawl, but he heard the sound of glass breaking and turned immediately to see the two women fighting. The jury also heard testimony from a police officer and a detective who both testified that in their experience the cuts and slices on Price's hand were not consistent with a bare fist fight.

We conclude that the jury could have reasonably found the essential elements of the crime charged beyond a reasonable doubt. *See Rodriguez*, 133 Nev., Adv. Op. 110, 407 P.3d at 772; *Rose*, 123 Nev. at 202, 163 P.3d at 414; *see also Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722,

724 (1980) ("[C]ircumstantial evidence alone may sustain a conviction."). Price does not challenge whether the battery caused substantial bodily harm. Accordingly, we conclude that Price's conviction for battery with the use of a deadly weapon causing substantial bodily harm was supported by sufficient evidence.

*Price was not prejudiced by the failure of the police to collect physical evidence*

Finally, Price argues that she was prejudiced by the failure of the police to investigate the scene at the time of the fight and collect physical evidence related to the rocks glass. "In a criminal investigation, police officers generally have no duty to collect all potential evidence." *Randolph v. State*, 117 Nev. 970, 987, 36 P.3d 424, 435 (2001). However, the State may be sanctioned where a defendant can "show that the evidence was material, *i.e.*, that there is a reasonable probability that the result of the proceedings would have been different if the evidence had been available." *Id.* If the defendant can show the evidence was material, he or she must then show that the failure to collect evidence was the result of gross negligence or bad faith. *Id.*

> In the case of mere negligence, no sanctions are imposed, but the defendant can examine the State's witnesses about the investigative deficiencies; in the case of gross negligence, the defense is entitled to a presumption that the evidence would have been unfavorable to the State; and in the case of bad faith, depending on the case as a whole, dismissal of the charges may be warranted

*Id.*

Price simply argues that the evidence was exculpatory because blood samples and fingerprints could have been obtained. Even assuming the police could have recovered the remnants of the rocks glass, it is unclear

SUPREME COURT
OF
NEVADA

(O) 1947A

6

how blood sample and fingerprint evidence would exculpate Price. This would suggest that Price believed someone else struck Alfaro with the rocks glass, which is contradictory to her self-defense theory of the case. We conclude that Price's argument is without merit as she has failed to show how the evidence was material or any instance of gross negligence or bad faith by the police.

*Cumulative error*

"The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually." *Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002). Because Price has failed to demonstrate any error, there is nothing to cumulate.

Accordingly, for the reasons set forth above, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:     Hon. Ronald J. Israel, District Judge
        Michael R. Pandullo
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

